### H. Carrell *v.* Municipality No. Two.

The facts show that the defendants are not spoliators. *Held*: That no vindictive or consequential damages can be recovered against them.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Emerson* and *Whitaker*, for plaintiff. *Randell Hunt*, for defendants. By the court:

Rost, J. The Municipality No. Two purchased the barge, which has given rise to this litigation, in good faith, from the agent of the plaintiff, who delivered it to them. The price was not paid at the time of the delivery; and, when, some three weeks after, the plaintiff denied the authority of his agent to sell, an offer was made to him to return the barge and to pay him $500. This proposal was at first accepted by the plaintiff, although it was not carried into effect. The district judge came to the conclusion, under the evidence, which is conflicting, that the price of $1000, which the defendants had agreed to pay, was the full value of the barge, and that the damages sustained by the plaintiff were equal to one-half of that value. This being the precise sum originally offered him.

The plaintiff assigns as error, that he should have been allowed full compensation for the use of the barge, and the probable profits he would have made by using it in the transportation of freight and merchandise, during the time it remained in the possession of the defendants.

The defendants are not spoliators, and no vindictive or consequential damages can be recovered against them.

The plaintiff claims $350 only for the damage done to the barge, while in the possession of the defendants, and for the cost of repairs. So that the judgment allows at least $150 for the use of it. That amount appears, to us, reasonable.

It is unnecessary to notice the claim for damages in consequence of demurrage, for which the plaintiff says he has become liable to the ship Arthur, in consequence of the detention of the barge by the plaintiff. There is no evidence in support of it.

It is ordered, that the judgment in this case be affirmed; the plaintiff and appellant to pay costs of this appeal.