## J. R. KNOTT *v.* R. M. GOUGH.

Parol evidence is admissible to prove the publication of a notice to sell school lands.

APPEAL from the District Court of Union, *R. W. Richardson,* J.

*Garrett & Ludeling,* for plaintiff :

The testimony and the pleadings show that the defendant was a mere tresspasser; to recover against him, therefore, it was unnecessary that the plaintiff should have exhibited a title perfect in all respects; one apparently good was sufficient. *Bailio* v. *Burney,* 3 R., 317; *Fanchonette* v. *Grange,* 5 R., 510; *Bonis* v. *James,* 7 R., 149; *Stephenson* v. *Goff,* 10 R., 99.

*McGuire & Ray,* for defendant :

The authority to sell land must be in writing: C. C. 2966; *Bradford* v. *Cook,* 4 An., 231; *Freret* v. *Meux,* 9 R., 416; *Anderson* v. *Smith,* 4 An., 526; *Patterson* v. *Bloss,* 4 L. R., 377; *Allison* v. *Fox,* 5 L. R., 460; C. C. 2255, 2416. A party claiming under a Sheriff's sale, must produce the judgment under which execution issued : *Thompson* v. *Chauveau,* 6 N. S., 462; *Thompson* v. *Rogers,* 4 L. R., 12. In sales for taxes, the Assessment Roll stands in lieu of a judgment; *Nancarnore* v. *Weathersbee,* 6 N. S., 348; *Smith* v. *Corcoran,* 7 L. R., 50; *Hughey* v. *Barrow,* 4 An., 252. The Collector's Deed furnishes no evidence of his authority to sell : *Reeves* v. *Towls,* 10 L. R., 283.

The statute requires a particular process to sell school lands. Acts of 1847, p. 178, s. 4—" vote to be taken and return to be made to State Superintendent." At p. 179, s. 5—"sold under the instructions of the State Superintendent by the Parish Superintendent." The Acts of 1834, p. 122, s. 1, say—"It shall be the duty of such Parish Judges, Sheriffs, Auctioneers, or other public officers, in their proces-verbal, deed, or act of sale, to state the manner, time and place of making such advertisements; which statement, so required to be made, shall be held to make proof of manner, time and place, &c." The 3d sec., p. 123, declares such officers liable in damages for neglecting to make such advertisements.

In this deed from the Parish Superintendent, p. 14 to 17, there is no statement of manner, time, or place of advertising. We suppose a sweeping clause was intended to cover it in these words : "proceeded after complying with all the requirements of the law, authorizing the sale of School lands." The law

required him to state the manner, time and place, and he must do so to enable the court to decide whether it was legally done: *Delony* v. *Smith*, 3, L. R., 422. It is not stated in the deed that the sale was advertised—there is no proof it was. There is an advertisement given in evidence and copied at p. 17; but there is no evidence it was ever put up in a public place, or where it came from. There was no evidence offered to show that the vote was ever returned to the State Superintendent, as required by Acts of 1847, p. 178, s. 4.

VOORHIES, J. This is an action to recover both rent and damages. The plaintiff alleges that he is the owner of the north east quarter of section sixteen township twenty-one of range one east, one hundred acres of which is cultivated by the defendant, who has forcibly taken and kept said land in his possession and made a good crop on the same for the year 1851. He claims for rent $250, and for damages also $250. The defendant avers that he has been in possession of the land in question uninterruptedly as owner during the term of four years to the month of December, 1851, since which time he has ceased to possess the same; that he improved, cleared, fenced and cultivated about seventy acres of said land.

The only title exhibited by the plaintiff is a conveyance executed in his favor on the 7th of April, 1851, by *Henry Regenburg*, as Parish Superintendent of the Public Schools of the parish of Union, under the provisions of the legislative Acts of 1847 and 1848. The price given, as stated in the deed, is $613 60. The defendant produced no title, but relied on the insufficiency of that of the plaintiff. It is contended by his counsel that this conveyance in the absence of proof of the return of the election to the State Superintendent and of the advertisement of the sale, is insufficient to vest a legal title to the property in the plaintiff. The testimony of the Parish Superintendent proves that the election was conducted in the usual manner of conducting elections, and the sale advertised for more than thirty days, and the land was sold in separate quarters, as recommended by the voters. The advertisement, dated 2d March, 1851, shows that the sixteenth section in township 21, range one, east, was advertised to be sold at public auction at the defendant's residence, on the first Saturday of the following month, the terms announced being "one-fifth cash, the balance in four equal annual instalments, payable in the State Treasurer's office, bearing six per cent. interest from the date of the sale, and with mortgage on the land."

Parol evidence was clearly admissible to prove the publication of this notice or advertisement. It appears to us, the requirements of the statutes have been substantially observed in effecting this sale. There is no analogy between this and a Sheriff's or collector's sale. The latter is based on a judgment and execution, or the tax-roll, which has the effect of a judgment and execution; but the former is based upon the statute itself, authorizing the sale of this land.

The defendant was apprised of the sale and intimated his intention to purchase. His conscience being probed by his adversary, he answered that he had cleared, fenced, and had in cultivation about seventy or seventy-five acres, before the plaintiff set up any claim to the quarter section, and in 1851, made on it a crop of corn, potatoes and peas. The evidence shows, that the defendant, though requested shortly after the sale, refused to give the plaintiff possession of the land. The precise time the defendant remained in possession is not shown; but, we infer from his judicial admission, that he had ceased to do so since the month of December, 1851; it must have been at least six months. All the witnesses concur in estimating the rent of such property at the rate of

from $1 50 to $2 per acre. Allowing the average of this estimate as the meas-
ure of damages to which we think the plaintiff is entitled, it makes the sum of
$63.

The evidence offered by the plaintiff to prove the value of professional ser-
vices rendered in the suit, as part of the damages sustained by him, was pro-
perly ruled out by our learned brother of the District Court.

It is therefore ordered and decreed, that the judgment of the District Court
be amended, so as to reduce the plaintiff's demand to the sum of sixty-three
dollars, with legal interest from the 10th day of November, 1852, until paid,
with costs of the District Court; the costs of this appeal to be paid by the
plaintiff and appellee.