CONSTANCE BIQUE PERRINE *v.* EDWARD PLANCHARD et al.

Although the absence of malice, in an act which has caused damage, is sufficient to prevent the
recovery of vindictive or exemplary damages, yet in such a case special damages may be allowed.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.
*D. Augustin*, for plaintiff.   *G. LeGardeur* and *J. J. E. Planchard*, for de-
fendant and appellant.

DUFFEL, J. The plaintiff, who is a free woman of color, alleges, in substance, that defendant, *Edward Planchard*, who is the keeper of the Police Jail of the city of New Orleans, did, on the 14th of May, 1858, under color of his authority, but in truth in a spirit of wantonness and with malice, cause her to be forcibly fastened and stretched upon a platform where slaves only are whipped, and did moreover then and there cause her to receive ten lashes, notwithstanding her repeated remonstrances that she was free. That in consequence of said ill-treatment, and her state of pregnancy, she was prostrated in a bed of sickness, was deprived of her daily earnings, and made to incur large expenses for medical aid, &c., &c. The petitioner therefore claims, as special and exemplary damages, two thousand dollars.

The District Court having condemned the defendant, *Edward Planchard*, to pay five hundred dollars, he appealed.

It appears from the evidence, that the plaintiff was arrested by a police officer for disturbing the peace and being drunk; at the same time, *Anaïse*, a slave of *Mr. Rousseau*, was arrested as a runaway, and both were put together in the lock-up for confinement. On the following morning, the slave *Anaïse* was called out; she sent plaintiff in her place, (the evidence does not disclose how it was accomplished), and the latter was lodged in jail under the name of the *slave Anaïse;* shortly after, *Mr. Rousseau* called at the jail, with an order from the Recorder for the release of his slave, and being satisfied of the identity of his slave from the description given in the entry book of the prison, he requested the jailer to inflict ten lashes on *Anaïse*, before bringing her out; but the deputy, who had been sent for that purpose, soon returned, and informed *Mr. Rousseau* that the woman claimed to be free, whereupon *Mr. Rousseau* replied, *yes, she has the habit of saying so, but she is not yet free;* thereupon, the deputy went back and executed the order. We are of opinion that the entry in the books, showing the commitment of the plaintiff *as a slave*, under the name of *Anaïse*, and the declaration of *Mr. Rousseau*, that his slave was in the habit of calling herself free, overbalance the statement of the plaintiff as to her freedom, and therefore, that the defendant was not actuated by malicious designs, nor can we say that he acted with unwonted imprudence and haste when we take all the surrounding circumstances in consideration. It does not however follow, that, because this peculiar case does not give rise to vindictive or exemplary damages, the defendant must not be made to pay the amount of special damages suffered by the plaintiff. "Every act whatever of man, that causes damage to another, obliges him, by whose fault it happened, to repair it." C. C. 2294. And again, "Every person is responsible for the damage he occasions, not merely by his acts, but by his negligence, his imprudence, or his want of skill." C. C. 2295.

*Doctor Vionet* who attended upon the plaintiff, says that he believes that she remained in her room about 25 or 26 days, and that the whole costs of her sickness, exclusive of nurses, are about one hundred dollars. Another witness, *Magdelaine Godin*, says that plaintiff was nursed by her own sister. *Gregorio Gargani*, another witness, says that he had in his employ the plaintiff, as a cook and washer, that she is a very industrious woman, and remained sick one month and a-half, and supposes that plaintiff suffered between four or five hundred dollars damages for doctor, nurses, time lost, &c. *Josephine Charles*, the sister of plaintiff, who nursed her, was heard, and testifies that she attended on her one month; she does not say whether she intends to make a charge for her services. Upon the whole, we think that plaintiff is only entitled to one hundred dollars for the

entire expenses of her sickness, and that fifty dollars will be a full compensation for her lost time.

It is, therefore, ordered, that the judgment of the lower court be reversed, and it is further decreed, that the plaintiff recover of the defendant, *Edward Planchard,* the sum of one hundred and fifty dollars, and the costs of the lower court ; the costs of the appeal to be paid by the plaintiff.