## No. 6222.

GERVAIS AND ROMAIN SCHLATER vs. ED. J. AND ANDREW H. GAY.

On the trial of the case a question arose as to whether, in estimating the damages, the value of the timber cut down on the land of the plaintiffs should be estimated by the price of timber of that quality at the time it was cut, when prices ranged below the average rate, or whether an average of several years should be taken. The ruling of the court below, refusing to admit evidence of the price of timber during other years, was correct. The value of the timber at the time it was felled should determine the amount of loss sustained by the owners of it.

Under the state of facts presented in this case, defendant should be held responsible for the acts of his employees.

APPEAL from the Fifth Judicial District Court, parish of Iberville. *Dewing, J. Samuel Matthews,* for plaintiffs and appellants. *Barrow & Pope,* for defendants and appellants.

TALIAFERRO, J. The plaintiffs sue the defendants for the value of one hundred and ninety-five cypress trees, alleged to have been felled by them on lands belonging to plaintiffs, and a part of the timber so cut down, removed, and converted to the defendants' use, the remainder being left on the ground to decay and become useless. The plaintiffs aver their damages to be eleven hundred and fifty dollars, the value of the one hundred and ninety-five trees, and the further sum of three hundred and fifty dollars as general damages to the plantation from the destruction of so large an amount of valuable timber growing upon it.

The defendants excepted to being joined in the same suit, as they were not alleged to be co-trespassers; that from the allegations it would appear that each is charged with the commission of a separate and distinct act of trespass, and, there being no privity alleged between them, they were improperly joined in the same suit.

The court sustained the exception, but reserved to the plaintiffs the right to amend by striking out the name of one of the defendants. The amendment was made, and the suit proceeded against Edward J. Gay alone. He answered by general denial. He specially denied that he or any person employed by him caused the plaintiffs damage; that all employees engaged by him to deliver cypress trees at his saw-mill, on the Woodland plantation, were employed under contract at a stipulated price per log, to be paid on delivery at his saw-mill, the defendant having no control or superintendence over such employees; that it was understood they should cut timber on his land, and he specially charged them not to cut timber elsewhere; that if these employees have trespassed upon the plaintiffs' land defendant is not responsible therefor.

The judgment of the lower court condemned the defendant to pay the plaintiffs nine hundred and seventy-five dollars, with interest at five per cent from judicial demand, reserving to the defendant the right to remove the timber felled down by his employees from the plaintiffs' lands. The defendant appealed.

It appears the parties to this litigation own adjoining tracts of land; that upon the back or swamp lands of both parties there is a fine growth of valuable cypress timber; that in 1874, from the Hickey crevasse in the levee of the Mississippi, these back lands were submerged by the outflowing waters, and the defendant, Gay, availed himself of the opportunity thus afforded to have a quantity of cypress timber cut and floated out from his rear lands to be sawed into timber at his saw-mill. To this end he employed a man acquainted with the business of rafting timber to go into his rear lands and cut cypress timber and float it to his saw-mill. The marks and lines showing the boundary between his lands and those of the plaintiffs were covered by water and could not be definitely known under the circumstances existing. Gay, the defendant, it appears, instructed his employee to be careful and cut trees only on the lands of his employer, but gave him no other information in regard to the division line than by exhibiting to him Ponel's map, and explaining from that how his lands lay in reference to those of the plaintiffs. His son was afterward sent out into the swamp to see about the employee, and he was met by two men who were acquainted with the locality, and one of them informed him that he thought they were cutting timber on the plaintiffs' land. Thereupon, in reply to a question by the employee as to what he should do, the reply of the son was " cut away."

On the trial of the case a question arose as to whether, in estimating the damages, the value of the timber cut down should be estimated by the price of timber of that quality at the time it was cut, when prices ranged below the average rate, or whether an average of several years hould be taken. A bill of exceptions was taken to the ruling of the

Schlater vs. Gay.

court refusing to admit evidence of the price of timber during other years.

We think the ruling correct. The value of the timber at the time it was felled should determine the amount of loss sustained by the owner of it.

We conclude the judgment of the lower court does justice between the parties. The defendant should be held responsible under the state of facts presented for the acts of his employee.

It is therefore ordered that the judgment of the lower court be affirmed with costs.

Rehearing refused.