No. 11,096.

MRS. E. H. STONER VS. TEXAS & PACIFIC RAILWAY COMPANY.

In an action for damages for the destruction of an orchard of fruit trees by fire, the measure of damages is not the cost of replacing the trees, and the value of the care and labor bestowed on the destroyed trees before the burning, but the *value* of destroyed trees at date of fire.

APPEAL from the First District Court, Parish of Caddo. *Taylor, J.*

*Bell & Randolph* for Plaintiff and Appellee.

*Wise & Herndon* for Defendant and Appellant.

The opinion of the court was delivered by

WATKINS, J. This is an action in damages, alleged to have been occasioned by the destruction of, and injury done to, fruit trees in plaintiff's orchard in the immediate vicinity of the track of defendant's railway.

The section hands of the defendant company were engaged in burning old cross-ties on its right of way, and fire from the heaps of burning ties caught the dry grass and rapidly communicated to plaintiff's orchard, and the damage complained of was done before the employés and others could arrest it. This *fact* is not denied by defendant; but, on the contrary, is admitted, as well as the truth of

plaintiff's averment that it was through the negligence and careless-
ness of the section hands that the orchard caught fire and burned.

Hence the controversy is narrowed down to a simple question of
the *quantum* of damages.  The amount demanded is $9240.

The cause was twice tried by a jury, the plaintiff having been
awarded on the first trial the full amount claimed, and on the second,
only $3500.

It is from this last verdict, and judgment thereon based, that
defendant prosecutes this appeal.

Plaintiff's averment of the loss and injury sustained is as follows—
namely:

| | |
|---|---:|
| 670 full-bearing Caddo-chief plum trees, fully destroyed, at $12 each.....| $8,040 |
| 20 ditto, damaged, at $10 each .. ............. ......... ........... ......... | 200 |
| 30 four-year-old Caddo-chief plum trees at .. ............. ... ......... ..... ....... | 15 |
| 124 Caddo-chief trees grafted to other fine plum trees of bearing age, at $5 ........... ......... ............... ......... ........... . .......... | 620 |
| 29 full-bearing apple trees, at $10 ................    ... .............................. | 29 ) |
| 12 ditto Chinese quince trees, at $5......... .... ............................. .......... .. | 60 |
| 1 pear tree at .............................. ............ ................... ............. .. ....... | 5 |
| 5 acres of pasture grass........................................................................ | 10 |
| Making a total of ................. ..................................... ... ...........| $9,240 |

An examination of the record discloses the following facts sub-
stantially, as appertaining to the *quantum* of damages.

That plaintiff had standing in her orchard at the time of the occur-
rence of the fire about 3000 Caddo-chief plum trees that were full
bearing at the time; and that that variety of plum trees was of a
very superior quality and productiveness, and for the fruit yielded
therefrom there was ready sale in Texas, as well as in home markets.
That of these trees there were totally consumed 600 approximately
—witnesses varying in their estimates of the number—and about
fifty trees of a different variety.  There were also some other trees
that were injured, but not totally destroyed.  But in this respect the
testimony is desultory and unsatisfactory.

A great deal of testimony was taken with regard to the quantity of
fruit that was annually yielded by the trees, and with regard to
prices realized in different markets.  But this evidence can furnish
us with no accurate idea of the value of the trees.  Many witnesses
were interrogated with regard to the *specific value* of the trees, and,
from varying standpoints of knowledge and experience, they have
made various estimates of their worth.

Generally, plaintiff's witnesses placed upon them the value of $8
to $10 per tree; while those of the defendant put a much lower valu-
ation upon them; that is to say from $1.50 to $2.50 per tree.

There is no possible way of reconciling their disparity of state-ment, all of the witnesses seeming to be equally honest and intelligent.

If we were to select a *mien* between the two extremes and adopt as the basis of our judgment, say, $6 per tree, and take 650 trees as the initial point for our calculation, we would have the sum of $3900 for their total value. But, as this sum is not critically accurate, from a mathematical point of view, but is not materially different from that allowed by the jury, we deem it our duty to let the matter rest where it is, and affirm the judgment appealed from, and it is so ordered.