No. 1937
Second Circuit Appeal

J. B. SMITH v. B. F. TIMON

(March 30, 1925, Opinion and Decree)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Trespass—Par. 19.

In an action for trespass on real property attorney's fees cannot be recovered by plaintiff as an element of damages.

2. Louisiana Digest—Trespass—Par. 19, 22.

Where one acting in good faith, and without malice, damaged another by cutting, removing and deadening timber on his land, the injured party can recover actual damages but cannot recover punitive damages.

(Civil Code, Art. 2315. Editor's note.)

Appeal from Eleventh Judicial District Court of Louisiana, Parish of Natchitoches. Hon. J. W. Jones, Jr., Judge.

This is a suit to recover damages for wrongful cutting, removing and deadening timber.

There was judgment for plaintiff and plaintiff appealed.

Judgment affirmed.

Breazeale & Breazeale, of Natchitoches, attorneys for plaintiff, appellant.

D. C. Scarborough, of Natchitoches, attorney for defendant, appellee.

REYNOLDS, J. In this case, plaintiff sues for $952.00, damages that he alleges

defendant caused him by cutting, removing and deadening the timber on 17.36 acres of land, and selling tie timber from said land for which the defendant received $56.80; $300.00 for vindictive damages, and $200.00 for attorney's fees.

There was judgment in the lower court in favor of plaintiff for $175.00, and plaintiff appealed.

The evidence convinces us that the defendant, in perfect good faith, went upon the 17.36 acres belonging to plaintiff, believing the same to be his own property, and deadened the timber thereon as the first step towards putting the same in a state of cultivation.

Finding, as we do, that defendant acted in perfect good faith and without malice, he can only be held liable in damages for the actual injury caused plaintiff.

Plaintiff's demand for $300.00 punitive damages must be denied.

Perrin vs. Planchard, 15 La. Ann. 133.

Vincent vs. M. L. & T. R. & S. Co., 140 La. 1027, 74 South. 541.

Carrell vs. Municipality No. 2, 7 La. Ann. 632.

Plaintiff's demand for $200.00, attorney's fees, must be denied.

In an action for trespass on real property attorney's fees cannot be recovered by plaintiff as an element of damages.

Knott vs. Gough, 10 La. Ann. 562.

Chapuis vs. Waterman, 34 La. Ann. 58.

Plaintiff's claim for $952.00 damages for cutting, removing and damaging 595 hackberry trees, 289 oak trees, 17 elm trees and 51 locust trees can only be allowed for the amount that the evidence introduced in the case shows them to have been worth.

Defendant and his witnesses, H. T. Timon, P. W. Williams and Horace Merritt, are strong in their opinion that the deadening of the timber on the 17.36

acres of land by defendant was a great benefit to plaintiff and in no sense a detriment or damage to him.

In 7 Orleans App. 31, Lindner vs. Stock, the court says:

"The measure of damages for injury to property by tort depends upon the peculiar circumstances of each case, and where, after restoring or repairing the property injured its value or efficiency is substantially increased beyond what it was previous to the injury, the court in fixing the amount of recovery for the injury will ex equo et bono take into consideration the benefit derived by the party injured through this increase in the value or efficiency of his property."

Under this authority the evidence of the above named witnesses is relevant and entitled to great weight.

Plaintiff in his evidence does not pretend to give the commercial or real value of the timber cut and removed or deadened. His contention is for what he thinks the timber might be worth to him.

In our opinion the true measure of plaintiff's damages is to be determined, in view of defendant's perfect good faith, at the commercial or real value of the timber cut, removed or deadened.

The Supreme Court said in Yarbrough vs. Nettles, 7 La. Ann. 116:

"The measure of damages for cutting and carrying away of timber is the value of the timber."

In Schlater vs. Gay, 28 La. Ann. 340, it is said that:

"The criterion of damages is the value of the timber at the time it was cut."

In Stoner vs. Texas & Pac. Ry. Co., 45 La. Ann. 115, 11 South. 875, the court says:

"The measure of damages for the destruction of fruit trees is the value of the trees when they were destroyed."

The judgment rendered by the lower court in favor of plaintiff for $175.00 was, we think, in accordance with the law and the evidence.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed at plaintiff's cost.