REGAN, Judge.
Plaintiff, Mrs. Theresa Chagnard, instituted a possessory action against defendant, Thomas N. Natal, and endeavored to recover the sum of $1,638 as damages for an alleged trespass by the defendant on property owned by her.
Defendant filed exceptions of “no cause of action”, “want of proper parties plaintiff”, “vagueness and indefiniteness”, and “want of proper parties defendant”, which were overruled by the judge, a quo, and then answered denying the essential allegations of plaintiff’s petition.
From a judgment in favor of plaintiff in the sum of $25, defendant prosecutes this appeal. Plaintiff did not answer the appeal.
We have carefully analyzed the transcript and the conclusions predicated thereon by the trial judge in his written reasons for judgment and we are convinced that these reasons encompass both the factual and legal issues so fully that we adopt them as our own:
*275 “Plaintiff, Theresa Chagnard, brings this suit for damages arising out of an alleged trespass by the defendant on real property owned by her. Petitioner alleges that she acquired the property on December 17, 1946, and the act by which she acquired same shows that it was purchased with her separate and paraphernal funds. The sale is a credit sale and the act is signed by her husband.
“Plaintiff alleges that for thirty-five years a fence has existed on the line of her lot, Lot 18, separating it from Lot 19, and that she and her ancestors in title have been continuously in possession, as owners, of all the property up to the fence; that on the seventh day of March, 1950, the defendant, Thomas M. Natal, pretending to be the owner of a part of petitioner’s property, disturbed petitioner in her enjoyment of same by tearing down the fence, against the wishes and protestations of the plaintiff, and further that the defendant informed the plaintiff that he was going to rebuild the fence in such a location that it would encroach upon plaintiff’s property.
“Plaintiff alleges further that the defendant, on March 27th, 1950, again informed her that he was going to construct a new fence, which fence she alleges would encroach upon her property. Plaintiff avers that she has suffered a real disturbance in fact, that less than one year has elapsed since the disturbance occurred and that she desires to be maintained in possession of her property.
“She asks damages for humiliation, embarrassment, mental anquish, damage to plants, shrubs and trees, and attorneys’ fees.
“On the trial of the case the defendant objected to the introduction of any evidence, claiming that the act of sale by which the petitioner acquired the property showed on its face that the sale was a credit sale and that the property was purchased during the marriage between plaintiff and her husbandj and therefore it is presumptively community property. Defendant cited the case of Cutrer v. Spring, La.App., 4 So.2d 106, 108, where the court held: ‘If the title on which the possession is based shows that the plaintiff does not possess as owner, or in one of the. other qualities necessary to give [her] a right to resort to this form of action, the court will give effect to the title and deny the plaintiff the right to resort to the pos-sessory action.’
“The court said further: “‘Obviously, the defendant has an interest in knowing that, if he is ordered to restore possession of the property and pay damages for the house, that he surrenders the possession and pays the damage, to the right person and to one who can stand in judgment and thus protect him against a similar action by the husband.’
“The husband, by his signing of the act of sale at the time of acquisition of the property, and by his testimony on the witness stand, insofar as this proceeding is concerned is estopped to deny that the property is the separate property of his wife, and accordingly the defendant, if cast in judgment in this case, could pay no other than the right person. The husband would be precluded from bringing an action for disturbance of possession, and although his forced heirs would not be es-topped by his declaration insofar as a suit concerning the title to the property is concerned, it is the opinion of this court that they would be bound by his judicial admissions insofar as any suit for damages or for possession brought by them.
“The evidence in this case shows that the plaintiff, through' her husband, had signed with the defendant an agreement with a fence company to build a wire fence between the properties, but they had not been able to agree as to the location of the .fence. The evidence shows further that each had retained an attorney, and two copies of survey were introduced in the record: A survey by J. J. Krebs, Civil Engineer and Surveyor, dated November 29, 1946, introduced by the plaintiff, which is referred to in the .act by which plaintiff acquired her property; and a survey by L. G. Stewart, dated December 19, 1949, which was made at the request of defendant and his wife.
*276 “The evidence shows that the only point of disagreement between the parties was where the new fence would be located, and while this matter was in the hands of the parties’ attorneys the defendant proceeded to knock down the old fence and declared that he was going to erect a new one on the line indicated in the Stewart survey. While he was in the act of knocking down the old fence, the plaintiff came out and took hold of the pickets of the old cypress fence and told him to desist From so doing. The defendant told the plaintiff that if she didn’t get out of the way she might get hit with the hammer he was using to knock down the fence. After some words passed, the plaintiff called the police.
“The testimony shows that the plaintiff cursed the defendant, cursed the law, and in general lost her temper.
“After this impasse, the defendant continued to take down the fence and stored the cypress pickets under his house, and he testifies he still has them in his possession. Defendant brought into court and produced in evidence portions of the fence that he had taken down. He testified that the posts were rotten and deteriorated, that the nails holding the pickets to the stringers of the fence had rotted away. There is no doubt in the mind of this court that the fence was in a dilapidated condition.
“According to the testimony of the witnesses produced, the fence had been erected upon this property some time prior to November 13, 1918, and had been repaired on occasion. Plaintiff had been in possession as owner of the property for more than one year previous to the tearing down of the fence, and she is entitled to be maintained and quieted in the possession of the property.
“Insofar as the damages the petitioner alleges she suffered, she failed to prove any damages to her shrubs. So far as the damage to the fence is concerned, the fence was a party fence and belonged one-half to the defendant, as well as one-half to the plaintiff, and if she could recover at all for the fence, she could recover only one-half its value.
“However, plaintiff had agreed through her husband to demolish the fence whenever the question of the party line could be resolved, and the fence was rotten and ready to fall down. Her husband had agreed on her behalf to erect a • steel wire fence, and accordingly no damages can be allowed on account of the fence.
“Plaintiff asks damages for embarrassment and mental anguish. It appears from the record that the actions of the plaintiff herself caused her to become nervous and excited.
“Defendant technically trespassed on the plaintiff’s property in reaching over to knock down the fence, and in knocking down the fence prior to a decision having been reached as to where to put a new fence. For this trespass the plaintiff is entitled to nominal damages, and this court feels that an award o.f Twenty-five ($25.00) Dollars is adequate.
“Plaintiff is also claiming attorneys’ fees. The authorities with reference to the allowance of attorneys’ fees in possessory actions as an element of damages are divided.
“In Cooper v. Cappel, 29 La.Ann. 213; and in Gerstner v. Crescent Ice Co., 8 Orleans App. 209, the Appellate Courts state that such fees form part of the damages.
“In Knott v. Gough, 10 La.Ann. 562; Bendich v. Scobel, 107 La. 242, 31 So. 703; and Smith v. Timon, 2 La.App. 23; and Chapuis v. Waterman, 34 La.Ann. 58, these fees were not allowed as an element of damages.
“Under the Law of Louisiana, generally speaking, attorneys’ fees are not allowed as an element of damages unless they are provided by statute. It is the opinion of this court that no attorneys’ fees should be allowed in the instant case.
“There will be judgment according to these reasons.”
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.