[No. 3316.  Decided January 18, 1900.]

SARAH STEVENSON, *Respondent*, v. WEST SEATTLE LAND AND IMPROVEMENT COMPANY, *Appellant*.

CARRIERS—REFUSAL TO TRANSPORT—MISCONDUCT OF PASSENGER.

In an action against defendant for damages for refusal to transport plaintiff on its ferry boat, where the defense was that the refusal was because of plaintiff's vulgar conduct and indecent language in the presence of other passengers and that she refused to deport herself without offense or unbecoming conduct, it was error for the court to exclude testimony as to her conduct on previous occasions, unless defendant would prove that she was intoxicated at the time of the refusal to carry her.

INSTRUCTIONS—RELEVANCY TO EVIDENCE.

Where all testimony as to plaintiff's misconduct had been withdrawn from the consideration of the jury, it was error for

the court to charge the jury as to what degree of misconduct and vulgarity would justify a common carrier in refusing transportation.

Appeal from Superior Court, King County. — Hon. E. D. BENSON, Judge.    Reversed.

*Struve, Allen, Hughes & McMicken,* for appellant.
*Marshall P. Stafford,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—The appellant is a common carrier, operating a ferry between Seattle and West Seattle.    Respondent sued to recover damages for appellant's refusal to transport her on its ferryboat; the damages claimed being for insult, indignity, humiliation, disgrace, mental suffering, "and all and singular the rest of the things covered by the legal term 'general damages.'"    By way of affirmative defense, it was alleged in appellant's answer that the respondent had on several occasions been a passenger on its ferryboat, and had been in the habit of using profane, obscene, and indecent language, to the great offense, injury, and annoyance of the other passengers, and to the great damage of appellant, and that the refusal to receive and transport plaintiff on the occasion mentioned in the complaint was because of the character and habits of the plaintiff aforesaid, and for the purpose of preventing offense and annoyance to its other passengers, and that when plaintiff applied for transportation on the occasion referred to, she refused to promise to conduct and deport herself without offense or unbecoming conduct in the presence of other passengers.

At the trial the plaintiff and a witness in her behalf testified that on four different occasions on the day of September 2, 1898, the plaintiff made application for transportation from Seattle to West Seattle, and tendered the customary price therefor; that on each of these occa-

sions the ticket agent of appellant refused to sell or furnish such transportation, and that no reason was assigned for such refusal until at the time of making the last demand, when, appellant's superintendent being present, in answer to the question of plaintiff, "What is the matter that you won't sell me a ticket?" said to her, "If you will give me a guaranty, I will sell you one." The ticket agent, being called as a witness for the defense, testified that he stated to plaintiff that "if she would promise to behave herself, we would let her go on the ferry." Appellant's superintendent, who was present on one of the occasions when plaintiff demanded transportation, testified as follows:

" I said to her, 'We will refuse you passage unless you promise to behave yourself.' She says, 'I won't.' Then Mr. Stafford [referring to plaintiff's attorney, who was present with her] speaks up: 'We don't propose to obligate ourselves to anything;' and she says, 'I don't promise anything.' And then Mr. Stafford says to me, 'You refuse her passage?' Says I, 'Most assuredly I do, unless she will promise to behave herself on the other side; she has been in the habit of going over there, and not behaving herself properly.' "

Appellant offered testimony tending to show that prior to this the plaintiff, while a passenger upon its boat, had been guilty of gross, obscene, and vulgar language and indecent conduct in the presence of other passengers, including ladies; that at times she would conduct herself properly for a part of the voyage, and then become disorderly on other portions of the same voyage; that, if sober going to West Seattle, she almost invariably returned in a state of intoxication. The trial court was of the opinion that this testimony was inadmissible, unless defendant would show that at the time when transportation was refused the plaintiff she was in an intoxicated condition, and, upon counsel for appellant stating that he did not expect to make such proof, the testimony and offer of proof were, upon

plaintiff's objection, excluded.    This constituted error.
The testimony excluded did not relate solely to the conduct
of plaintiff at times when she was under the influence of
intoxicants.    But respondent contends that there was no
reason assigned by appellant's agent for refusing to fur-
nish her transportation, and that, therefore, appellant was
not entitled to introduce the testimony embraced within
the offer; in other words, the contention is that when a
common carrier refuses to furnish transportation, he must
specifically state his reason therefor, and, if he gives none,
he cannot justify a refusal to transport.

We have already pointed out that there was a conflict
in the testimony as to whether a reason was given by the
agent of appellant; plaintiff and her witness testified that
no reason was given, while the agent just as positively as-
serted that he stated to plaintiff and her counsel that he
would give her transportation upon condition that she
would behave herself; that, "if she would promise to be-
have herself, we would let her go on the ferry."    This was
sufficient to apprise the plaintiff of the ground upon which
the refusal to furnish her transportation was predicated,
viz., her conduct on previous occasions, and made the tes-
timony as to her conduct on such occasions competent.
The testimony of the superintendent related solely to the
particular occasion referred to by him, and, as plaintiff
was permitted to give evidence of a failure to furnish
transportation upon other occasions than that testified to
by the superintendent, it was competent for the appellant
to show the circumstances attending such refusal.    In his
instructions to the jury the learned judge laid down a rule
applicable, and only applicable, to the testimony which
was offered and rejected.    In his charge he told the jury
what degree of misconduct and vulgarity would justify a
common carrier in refusing transportation.    There was
nothing upon which to predicate such a charge, as that

part of the defense had been effectually withdrawn from the consideration of the jury by the ruling excluding the testimony embraced within the offer of proof.

Another contention made by counsel for the appellant is that no recovery can be had for mere mental suffering arising from a breach of contract or of a public duty. The question was touched upon by this court in the cases of *Wilson v. Northern Pacific R. R. Co.,* 5 Wash. 621 (32 Pac. 468), and *Turner v. Great Northern Ry. Co.,* 15 Wash. 213 (46 Pac. 243, 55 Am. St. Rep. 883), but we think has never been squarely decided in this court, and the decisions elsewhere are not harmonious.

Because of the inability of the judges participating in the decision to agree, and the failure of respondent's counsel to furnish an argument upon the question, we have deemed it best not to decide it at this time. Its importance makes it desirable that a full discussion and presentation of the question be had before its decision is attempted.

The judgment must be reversed and the cause remanded for further proceedings.

DUNBAR, FULLERTON and REAVIS, JJ., concur.