CASE 39.—ACTION BY MARGARET M. BEELER AGAINST THE LOUISVILLE & NASHVILLE R. R. CO.—June 26.

# Louisville & Nashville R. R. Co. v. Beeler

Appeal from Bullitt Circuit Court.

SAMUEL E. JONES, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1. Railroads—Fires—Contributory Negligence.—The owner of land adjoining a railroad violates no duty to it by allowing his land to grow up with grass, weeds or brush.

2. Pleading—Facts or Evidence.—In an action against a railroad company for negligently burning plaintiff's orchard, defendant was not required to plead that its engines were screened, as required by Ky. Stats., 1903, Secs. 782, 790; such fact being mere evidence relevant to the question of defendant's negligence.

3. Railroads—Fires—Question for Jury.—In an action against a railroad for burning plaintiff's orchard, evidence held sufficient to require the denial of a peremptory instruction for defendant.

4. Same—Damages—Excessiveness.—Plaintiff's orchard, containing 800 or 900 trees, was injured by fire negligently set out by defendant railroad company. One of defendant's witnesses testified that the damage amounted to $2.50 a tree. Soon after the burning the railroad company had two persons assess the damage, who found it to amount to $2,461, though

Louisville & Nashville R. R. Co. v. Beeler.

there was other proof for defendant placing the amount considerably lower. Held, that a verdict for $2,000 was not excessive.

5. Same—Measure of Damages.—In an action against a railroad company for injuries to plaintiff's orchard by fire, the measure of damages was the reasonable value of the trees destroyed and the difference in value of those injured before and after the injury, and not the difference in value of the whole farm before and after the fire.

6. Appeal—Exclusion of Evidence—Prejudice.—Where, in an action against a railroad for injury to plaintiff's orchard by fire, the difference in the evidence with reference to the damages in the end lay in the fact that some of the witnesses placed a lower value on the fruit trees than others, defendant was not prejudiced by the court's erroneous exclusion of evidence as to the value of the entire farm before and after the injury, as a circumstance bearing on the value of the trees destroyed and injured.

BENNETT H. YOUNG, CHAPEZE & HALSTEAD and E. C. WAIDE for appellees.

No brief for appellee in the record.

BENJAMIN D. WARFIELD for appellant.

FAIRLEIGH, STRAUS & FAIRLEIGH of counsel.

·POINTS DISCUSSED AND AUTHORITIES CITED.

1. Appellee's petition, as amended, did not state a cause of action. She did not allege facts to bring the case within either Sec. 782 or Sec. 790, Ky. Stats. The demurrer to the petition should have been sustained, and appellant's motion for a peremptory instruction should have been granted, among other reasons, because of the error of the trial court in overruling such demurrer. L. & N. R. Co. v. Dalton, 102 Ky., 290.

2. The court erred in striking from appellant's answer, and amended answer, the second paragraphs thereof pleading appellee's contributory negligence in permitting her orchard to be foul from combustible materials. This was a question for the jury. L. & N. R. Co. v. Samuel's Exors., 22 Ky. Law Rep., 303; Kellogg v. Chicago, etc., R. Co., 26 Wis., 223; Kansas, etc., R. Co. v. Brady, 17 Kan., 380; Karsen v. Milwaukee, etc., R. Co. 29 Minn.,

12; Gram v. Northern Pac. R. Co., 1 N. Dak., 252, 46 N. W., 972, 45 A. & E. R. Cas., 544; Ross v. Boston, etc., R. Co., 6 Allen, 87; Ohio, etc., R. Co. v. Shanefelt, 47 Ill., 497 Erie, etc., R. Co. v. Dicker, 78 Pa. Stat., 293; Brown v. Hannibal, etc., R. Co., 37 Mo., 298; Missouri, etc., R. Co. v. Kincaid, 29 Kan., 654, 11 Am. & Eng. R. Cas., 83; Kansas City, etc., R. Co. v. Owen, 25 Kan., 419; Chicago, etc., R. Co. v. Pennell, 94 Ill., 448; Briant v. Detroit, etc., R. Co., 104 Mich., 307, 62 N. W., 365; Collins v. N. Y., etc., R. Co., 5 Hun., 499; Omaha Fair Assn. v. Mo. Pac. R. Co., 42 Neb., 105, 60 N. W., 330; Murphy v. Chicago, etc., R. Co., 45 Wis., 222; Coates v. Missouri, etc., R. Co., 61 Mo., 38; Great Western R. Co. v. Haworth, 39 Ill., 346.

3. The court erred in striking out an appellee's motion parts of the third paragraphs of appellant's answer and amended answer. The averments of those paragraphs not stricken out, however, not having been controverted by reply, must be taken as true, and appellant's motion for a peremptory instruction should have been sustained because of such uncontroverted averments, if for no other reason.

4. Appellee introduced no testimony that the fires were started by sparks from appellant's engines, and, therefore, made no case to submit to the jury.

5. But even if the jury had a right to guess that the fires were started by sparks from appellant's engines, still it could only be made liable for damages caused by the fires, upon appellee's showing that appellant was negligent, either in failing to provide proper spark arresters, or in the management of its engines. There is not a scintilla of testimony to support liability against appellant on either of these grounds.

6. The court erroneously permitted appellee to prove, by the opinions of witnesses, the value of her apple and peach trees and vines claimed to have been damaged, but refused to permit appellant to prove the value of the realty before and after the fires; and also erred in submitting the case to the jury on appellant's theory as to the proper measure of damages. Appellant insists that the true "measures of damages is the difference in value of the land before and after the injury." Dwight v. E. C. & N. R. Co., 15 L. R. A., 612, and cases there cited; Pacific Express Co. v. Lasker Real Estate Assn., 16 S. W., 792; Ib. v. Smith, Ib. 998.

I. C. R. Co. v. Riney's Admx., 21 Ky. Law Rep., 1056, seems not to have been well considered, the question as to the proper measure of damages seems not to have been discussed, and that case ought not to be regarded as authority against appellant in this case.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Margaret M. Beeler owns a tract of land adjoining the right of way of the Louisville & Nashville Railroad Company in Bullitt county. She had on her tract an orchard of apple and other fruit trees. In the fall of the year 1904 her orchard was burned over, and a number of the trees were killed or seriously injured. She brought this suit against the railroad company, charging that the fire was caused by its negligence. The defendant filed an answer, in which it denied the allegations of the petition and charged in the second paragraph that the fire was due to the plaintiff's negligence, in that she had suffered her orchard to grow up in weeds, grass, and brush, and but for this it would not have been injured. In the third paragraph it pleaded that its engines were provided with spark arresters, as provided in section 782, Ky. St. 1903. The court struck out the second paragraph and part of the third paragraph of the answer.

The owner of land adjoining a railroad violates no duty to the railroad when he allows his land to grow up in grass, weeds, or brush. There is no negligence without the violation of some duty, and there can be no contributory negligence when no duty is placed on the plaintiff to exercise care. Unless the plaintiff has been guilty of a breach of duty, the question of contributory negligence cannot arise. Jaggard on Torts, 960. The rule as to contributory negligence in cases of this character is thus stated in 2 Shearman & Redfield on Negligence, section 690: "The occupant of land near to, or even next to, the track

of a railroad, is not chargeable with contributory negligence merely by reason of leaving his land in its natural state or making any legitimate use of his property. It makes no difference if by so doing his property may be extremely liable to take fire, in the event of the railroad trains being negligently managed. He is not required to anticipate such negligence, nor to give up the lawful use of his property, in such manner as would be deemed prudent under ordinary circumstances, simply because a railroad has been constructed beside his land.'' See, also, 2 Thompson on Negligence, section 2315; 3 Elliot on Railroads, section 1228. This rule was recognized by us in Louisville & Nashville Railroad Company v. Samuels, 57 S. W. 235, 22 Ky. Law Rep. 303, although that case was distinguished, because there Samuels had built the house in controversy on the right of way of the railroad company.

The court seems to have intended to strike out the matter pleaded in the third paragraph as a defense. At any rate he treated it throughout the trial as matter of evidence, and this view seems to have been concurred in by counsel on both sides. The plaintiff charged that the defendant negligently burned her property. When the defendant traversed the allegations of the petition, the issue was made up. That the engines were screened as provided by the statute was matter of evidence on the question of negligence; but it is unnecessary for the defendant to plead his evidence, and, if he does plead it, it is unnecessary that the plaintiff should take issue upon it. Sections 782 and 790, Ky. St. 1903, are as follows:

"Section 782. All companies shall place in, on or around the tops of the chimneys of engines, a screen, fender, damper or other appliance, that will prevent,

as far as possible, sparks of fire from escaping from such chimneys.''

''Section 790.  Every company shall keep its right of way clear and free from weeds, high grass, and decayed timber, which, from their nature and condition, are combustible material, liable to take and communicate fire from passing trains to abutting or adjacent property.''

The proof for the plaintiff showed that the fire originated on the railroad's right of way, and spread from it to the plaintiff's land.  The proof also showed that the defendant had mowed the grass and weeds upon its right of way some time before the fire, but had left them lying upon the ground.  This dry material lying upon the ground was more dangerous than if it had not been cut.  There was also proof that a train passed along about 10 minutes before the fire occurred, which did the damage sued for. The court, therefore, properly refused to instruct the jury peremptorily to find for the defendant.  Cincinnati, etc., R. R. Co. v. Falconer, 97 S. W. 727, 30 Ky. Law Rep. 152; Southern Railway in Kentucky v. McGeoughy (Ky.) 102 S. W. 270, 31 Ky. Law Rep. 291.  There was no evidence tending to show that the fire could have originated from anything except the trains, and the circumstances leave no doubt that it did originate from the passing trains.

The proof for the plaintiff was to the effect that 800 or 900 apple trees were destroyed or greatly injured.  There was no controversy in the evidence as to the number of trees burned or as to the amount of injury done to the trees.  The only conflict in the evidence was as to the value of the trees or the value in money of the injury done to them.  The proof for the plaintiff put the damages much higher than that

for the defendant. One witness for the defendant, who testified very clearly and seemed to understand the subject, put the damages at $2.50 a tree. Not long after the burning the railroad company had two neighbors who handled fruit and fruit trees to go upon the land and assess the damages. They assessed the damages at $2,461. There was other proof for the defendant putting the damages considerably lower, and some higher. The jury fixed the damages at $2,000. Under all the evidence, we cannot say that this was excessive.

It is earnestly insisted for the railroad company that the court erred in the admission of evidence and in its instructions to the jury on the measure of damages. The court allowed evidence to be given by both parties as to the value of the trees, the amount of the injury done them, and the value of the trees that were injured before and after the injury. He instructed the jury that they should find for the plaintiff the fair and' reasonable value of the trees destroyed and the difference in value of those injured before and after the injury. He refused to instruct them that the measure of damages was the difference in value of the whole farm just before the injury and just after. The rule insisted on by the railroad company was approved by the New York Court of Appeals in an opinion by Chief Justice Parker in Dwight v. E. C. & N. R. R. Co., 15 L. R. A. 612, 132 N. Y. 199, 30 N. E. 398, 28 Am. St. Rep. 563. That case has been followed since in some of the text-books and is supported by some decisions in other states. But the contrary rule was followed by this court in I. C. R. R. Co. v. Riney, 54 S. W. 1011, 21 Ky. Law Rep. 1056, I. C. R. R. Co. v. Scheible, 70 S. W. 825, 24 Ky. Law Rep. 1708, and Cincinnati, etc., R. R. Co.

v. Falconer, 97 S. W. 727, 30 Ky. Law Rep. 152. These cases are, we think, in accord with the weight of authority. N. & W. R. R. Co. v. Bohannon, 85 Va. 293, 7 S. E. 236; Gilman v. Brown, 115 Wis. 1, 91 N. W. 227; Montgomery v. Locke, 72 Cal. 75, 13 Pac. 401; Stoner v. Tex. Pac. Ry. Co., 45 La. Ann. 115, 11 South. 875; Burdick v. Railroad Co., 87 Iowa, 384, 54 N. W. 439; Fremont v. R. R. Co., 30 Neb. 70, 46 N. W. 217; White v. Chicago, etc., R. R. Co., 9 L. R. A. 824, 1 S. D. 326, 47 N. W. 146; Bailey v. Chicago, etc., R. R. Co., 19 L. R. A. 653, 3 S. D. 531, 54 N. W. 596.

The cardinal error in the New York rule seems to use to lie in this: That, while the railroad company has the right to take private property for public uses, it has no right to take or destroy private property by negligence. Ordinarily, where one person has negligently destroyed the property of another, he is required to compensate the person injured for the fair value of the property destroyed, and it does not lie in his mouth to say that "in destroying your property, which represented a large investment, I did you a service, rather than an injury." The owner of an estate is entitled to have his estate in such a condition as he wants it, and to keep upon it such things as he pleases. An aviary, a skating rink, a dancing pavillion, or the like, might in the judgment of the average person add very little to the value of an estate in land; and yet these things might represent a considerable investment of money. An orchard cannot be grown in a day. It requires patience and an outlay of money or labor to produce an orchard. Yet there are not a few persons who would think that the land without the fruit trees would be worth more than with them. Still the person who wants an or-

chard, and has invested his money in it, cannot be deprived of his property by the act of a wrongdoer, and left without remedy for the loss sustained, simply because his land for other purposes or to other people might be worth as much without the orchard as with it. The railroad company here did not take the land. It simply destroyed the trees growing upon the land. We cannot see a sound distinction between the destruction of a house and the destruction of a fruit tree. The question in both cases is the same: What is the fair value of the thing destroyed?

Ordinarily in cases of this sort the court should allow evidence to be given as to what was the value of the entire premises before and after the injury, for this will be a circumstance to be considered by the jury with other evidence as to what was the value of the thing destroyed. It is not conclusive, but it is a circumstance which may be considered by the jury in determining the weight to be given the opinion evidence as to the value of the thing destroyed. But in the case at bar to have admitted the evidence would but little have elucidated the matter; for, in the end, the difference between the statements of the witnesses and those proposed to be admitted lay in the fact that the latter placed a lower value on the fruit trees than the others—some of them, perhaps, thinking they were of little or no intrinsic value. In view of the large amount of evidence that was admitted and the facts that were brought out on the trial, we conclude that the jury had the case fairly before them, that 12 practical men with the proof before them could intelligently pass upon the case, and that no substantial injury resulted from the refusal of the court to admit the evidence rejected in the case at bar.

Judgment affirmed.