## Kentucky Traction & Terminal Company v. Bain.

### Same v. Same.

(Decided November 17, 1914.)     ·

### Appeals from Franklin Circuit Court

1. Damages—Personal Injuries—Fright—Recovery.—There can be no recovery for fright not accompanied with personal injury, but if there is a physical personal injury from a jar or fall backward, fright may be recovered for as mental suffering.

2. Damages—Recovery.—A recovery may be had only for the proximate results of an injury; the word aproximate conveys a very different meaning.

3. Damages—Measure of Recovery.—The measure of recovery for the injury of a house where it may be repaired at a reasonable cost and put in as good condition as before, is the cost of so doing; but where the house can not be so repaired without being taken down and a new one being built, the measure of recovery is the fair and reasonable diminution in the value of the house.

4. Street Railroads—Ordinary Care.—In operation of street cars only ordinary care is required as to persons not passengers.

5. Settlement—Evidence.—Evidence should not be admitted as to get before the jury the amount of a proposed settlement to contradict a witness, he admitting having tried to make a settlement.

HAZELRIGG & HAZELRIGG and GUY H. BRIGGS for appellant.

LESLIE W. MORRIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Mrs. J. L. Bain owns a house on Wilkinson street, in Frankfort. The Kentucky Traction & Terminal Company has a track in Wilkinson street, on which it runs its cars. The street is narrow, and Mrs. Bain's house sets out near the street line. As one of the cars of the traction company was going down Wilkinson street it left the track near Mrs. Bain's house and ran into the house, damaging it considerably. Mrs. Bain was in the house at the time and brought these actions against the traction company to recover for the injury to the house and for the personal injury to her. The two cases were heard together. In the action to recover for the injury to the house she recovered $600. In the action for her

personal injury she recovered $2,000. The traction company appeals.

The proof by her on the trial tends to show that the car was running at a very rapid and dangerous rate of speed and that there was a defect in the track; that the house was so wrecked by the collision that it would be necessary to tear it down and rebuild it; that only about $200 worth of material would be saved, and that it would cost about a thousand dollars to rebuild the house. Her statement as to her injury is in these words: ''I stepped back into the door that leads out into the kitchen as the car crushed into the house; it was all done in the twinkling of an eye. Of course I had no warning that the car was coming in the house, and it threw me backwards and I caught at the door. Of course, I never hit the floor, but as I told all of them just like I told you, I was jarred back and I have been a nervous wreck ever since.'' She said she was not struck by the car, and in fact the car did not come within some feet of her, but she introduced proof tending to show that as the result of the shock she had become afflicted with paralysis agitans, or palsy. On the other hand the proof for the defendant tends to show that the car was running at the usual and reasonable rate of speed; that the track was in perfect condition; that there was a curve in the track just at that point; that a few minutes before the car came along some hands employed by the city of Frankfort spread a load of rocks in the street, some of which were left on the rail, and that when the car wheel struck these rocks it mounted the rail and no longer followed the curve of the track, thus causing the car to run into the house; the proof for the defendant also showed that Mrs. Bain had palsy before the car ran into the house, and that the house was not damaged more than $150. On this evidence the circuit court instructed the jury as follows:

1. The court instructs the jury that it was the duty of the defendant, The Kentucky Traction & Terminal Company, to exercise ordinary care to keep its tracks and roadbed in a reasonably safe condition for the operation of its cars thereon and free from obstructions, and it was the further duty of the defendant, its agents and servants, in the operation of its cars, to exercise ordinary care to discover the presence of obstructions on its tracks and to operate its cars at such a rate of speed as to keep them under reasonable control; and if the jury believe from the evidence that the defendant failed

to exercise such care, either in maintaining the condition of its tracks and roadbed, or in the operation of one of its cars, on the first day of October, 1912, and as a direct result of the failure to exercise such care, the car mentioned in the evidence jumped' the track in front of plaintiff's premises and ran into or against the plaintiff's house, and by reason of the car running into her house, she was jarred, knocked backward or frightened, and as a direct result thereof, she was made nervous and paralysis agitans was thereby caused, then the law is for the plaintiff and the jury should so find, but unless they so believe they will find for the defendant.

2. The court instructs the jury that if they find for the plaintiff under instruction No. 1, they will find such sum in damages as will reasonably compensate her for any pain or mental suffering, if any, she has already undergone, and which the jury may believe from the evidence it is reasonably certain she will hereafter suffer, if any, and the jury may further find such damages as will fairly compensate her for the permanent impairment of her power to earn money approximately resulting from the injury, if any, not to exceed, however, $5,000.00, the amount claimed in the petition.

3. The court instructs the jury that in the property case they will find such sum in damages as it would have reasonably cost the plaintiff immediately after the accident to have placed the house in as good condition as it was immediately before it was struck and injured by the car of the defendant, The Kentucky Traction & Terminal Company, the finding, however, not being less than $150, the amount offered by defendant to plaintiff, and not more than $1,000.00, the amount claimed in the petition.

4. Ordinary care, as used in these instructions, is such care as ordinarily prudent persons would exercise under circumstances similar to those proven in this case, and negligence is the failure to exercise such care.

5. If the jury believe from the evidence that the derailment of the defendant's car, which resulted in the plaintiff's alleged injury complained of, was caused by the act or agency of another over which the defendant had no control, and which act the defendant could not have anticipated or foreseen by the exercise of the highest practicable degree of care in time to have avoided the accident, they will find for the defendant."

The first instruction is erroneous in that it allows a recovery if the plaintiff was jarred, knocked backward or frightened; for under this instruction a verdict might be found for her fright although, as shown by the proof for the defendant, she was in fact not physically injured or hurt in any way. We have repeatedly held that there can be no recovery for fright unaccompanied with physical injury. (Reed v. Maley, 115 Ky., 816, Morse v. C. & O. R. R., 117 Ky., 11, Reed v. Ford, 129 Ky., 471, McGee v. Vanover, 148 Ky., 737, C. & O. R. R. v. Robinett, 151 Ky., 778, Southern R. R. v. Owen, 156 Ky., 831. To same effect see Homans v. The Railway, 57 L. R. A., 291, Ewing v. The Railway, 14 L. R. A., 666, Smith v. The Cabel Co., 75 Am. St. Rep., 374, Stevenson v. Imp. Co., 22 Wash., 84, Maynard v. The Navigation Co., 78 Pac., 983.)

In lieu of the words "she was jarred, knocked backward or frightened," these words should be substituted in the instruction: "She was jarred or knocked backward and by reason of being jarred or knocked backward was physically injured." There was some evidence that the plaintiff was physically injured, as she stated that she had a severe headache and suffered considerably just after the occurrence. By a violent jolt or jar a physical injury may be done though the flesh is not bruised and there may be little externally to indicate it.

The word frightened should be omitted from this instruction. In Instruction 2 the word *approximately* should not have been used; the word usually employed in such instructions is *proximately*, meaning directly or immediately, but the word *approximately* conveys a different idea.

Instruction 3 has been approved in cases where the house could be repaired and placed in as good condition as it was before at a reasonable cost. But such an instruction is not proper where as here the proof shows that the house can not be repaired and thus put in as good condition as it was before, without its being taken down and a new one built. (Hartshorn v. Chaddock, 17 L. R. A. 426 and note).

The proper measure of recovery in a case like this is the diminution in the fair and reasonable value of the house; that is, the difference between its fair and reasonable value just before and after the injury. (L. & N. R. R. Co. v. Beeler, 126 Ky., 328, Georgetown Water,

Etc. Co. v. Neale, 137 Ky., 197). The proof tends strongly to show that the house was cheaply built and was old.

The 5th instruction is erroneous in using the words *"the highest practicable degree of care."* Only ordinary care is required as to persons not passengers in the operation of street cars on a street railway. (36 Cyc., 1473-74). In lieu of the words quoted, the words *"ordinary care"* should be inserted, and in lieu of the words *"anticipated or foreseen"* the word *"discovered"* should be used. The evidence is persuasive that the accident was due to rocks put in the street by the city just before the car came along, and while the motorman might have seen the rocks if he had looked at them, he also had to keep a lookout in front of his car and in rounding the curve his view would be short, so that he might well not see the rock on the track, and this is what he testifies happened.

The defendant asked the court to give this instruction:

"If the jury believe from the evidence that the injuries complained of by the plaintiff were the result of fright unaccompanied by physical injury incurred by her or inflicted on her at the time of the accident, they will find for the defendant."

This instruction should have been given in the personal injury case. The evidence for the defendant tends to show that the plaintiff was not hurt in any way and that she so declared just after the occurrence. The personal injury is the gist of the action and if there was no physical injury of the person the action fails. If there was a physical injury of the person and the plaintiff was frightened her fright may be recovered for under the instruction allowing the jury to find for her such a sum in damages as will reasonably compensate her for any pain or mental suffering she has undergone.

On another trial the evidence as to the conversation between the witness Nile Morse and Bud Clark will be omitted. Morse admitted having tried to get Mrs. Bain to settle with the Traction Company; the only effect of the admission of the conversation between Morse and Clark was to get before the jury the amount of the proposed settlement, and this was incompetent.

Judgment reversed and cause remanded for a new trial.