## Illinois Central Railroad Company v. Nuckols.

(Decided January 26, 1926.)

### Appeal from Ballard Circuit Court.

1. Railroads—Recovery for Loss by Fire Held Sustained by Evidence.—In action against railroad for value of barn destroyed by fire set by sparks from locomotive, evidence held sufficient to sustain verdict for plaintiff, either on theory of negligence in not providing proper spark arrester or keeping it properly adjusted, or on theory of negligent operation of locomotive.

2. Railroads—Negligence Held for Jury on Evidence of Emission of Sparks from Locomotive.—Evidence of emission of sparks or cinders from locomotive in unusual quantities or of unusual size is sufficient to authorize submission to jury of question of negligence in not equipping locomotive with spark arrester of latest and most effective type or not properly adjusting arrester, and by operating locomotive negligently.

3. Railroads—Instruction Permitting Recovery for Loss by Fire, if Negligent Operation of Engine Caused Sparks to Escape, Held Proper.—Instruction submitting issue on theory that railroad was liable for destruction of barn by fire, if its servants operated its engine in negligent manner causing sparks of fire or cinders to escape and set fire to barn, held proper.

4. Damages—Instruction on Measure of Damages for Destruction of Barn by Fire Held Erroneous.—In action against railroad for destruction of barn by fire set by sparks from locomotive, instruction to award plaintiff "such sum in damages as would be reasonably required to replace the destroyed barn" held erroneous; fair and reasonable value of barn destroyed being proper measure of damages.

JOHN E. KANE, W. T. WHITE, TRABUE, DOOLAN, HELM & HELM and R. V. FLETCHER for appellant.

HENRY F. TURNER for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

Appellee, J. R. Nuckols, instituted this action to re-
cover of appellant, Illinois Central Railroad Company,
the value of a barn owned by him, alleged to have been
worth $2,300.00, upon the theory that it was destroyed by
fire ignited by sparks negligently permitted to be emitted
from a locomotive owned and operated by appellant.
Appellant denied liability, and the trial resulted in a
verdict and judgment for appellee in the sum of $1,200.00.
The appeal has been prosecuted from that judgment.

The parties agree that appellant is liable for the loss
of the barn if it appear that the fire was the result of its
negligence in not providing its locomotive with proper
spark arrester or in failing to keep its spark arrester
properly adjusted, or the negligent operation of its loco-
motive.

Appellant's contention that the verdict is not sus-
tained by the evidence can not be upheld.   If the evidence
of the witnesses for appellee is to be believed unquestion-
ably appellee's barn was ignited by sparks emitted from
one of appellant's locomotives while engaged in switch-
ing operations.   The testimony establishes that the barn
was 260 feet from the railroad; that on the occasion in
question a strong wind was blowing from the direction
of the railroad to the barn; that the locomotive of a local
freight was engaged in switching operations immediately
opposite the barn; that the smoke from the locomotive
blew into and upon the barn, hiding it from the view of
two of the witnesses, and that when the smoke cleared
away the fire was seen to be igniting in the hay in the
barn, visible through an opening facing the railroad.

One of the witnesses testified:

"A.   I was coming from the pasture and as I
was coming out the engine was switching out in
front, was how come me to notice it, and blowed hot
cinders all over me, I was then something like twenty
yards from the Nuckols' stable, I went on and got in
the buggy and come up by Mr. Scott's and found
the stable on fire.   Q.   Where was the stable on fire
when you got there?   A.   At the south end of the
stable.   Q.   What was burning at that end?   A.
The hay was.   Q.   And you say it threw cinders on

you a hundred yards away. A. No, sir, about twenty or thirty yards away. Q. Tell the jury what size those cinders were and it burnt? A. I don't hardly know how big those cinders were, but they were pretty good sized ones. Q. Did they burn any part of you? A. They was hot enough to scorch the cap I had on.''

His further testimony makes clear that this witness was 20 or 30 yards from the barn that burned and was as far or further than it was from the railroad when the live cinders fell on him as described above.

It has uniformly been held by this court that evidence of the emission of sparks or cinders in unusual quantities or of unusual size is sufficient to authorize a submission to the jury of the question of negligence upon the part of a railroad company, both by operating without having the locomotive equipped with a spark arrester of the latest and most effective type or without its spark arrester properly adjusted and by operating the locomotive negligently. In view of the evidence herein it can not be said either that the verdict is flagrantly against the evidence or that the trial court erred in submitting either theory of negligence; that is, negligence as to the spark arrester and its condition, or as to the operation of the locomotive.

Instruction No. 2, submitting to the jury the issue made upon the theory that appellant was liable if its servants operated its engine in a negligent manner and thereby caused sparks of fire or cinders to escape from its engine and set fire to the barn, is not subject to the criticism directed at it by appellant. It measures up to the instruction on that question quoted and approved by this court in Hartford Fire Insurance Company v. C., N. O. & T. P. R. R. Company, 182 Ky. 295.

Instruction No. 5 given reads: ''If you shall find for the plaintiff you will award him such sum in damages as would be reasonably required to replace the destroyed barn and for the reasonable market value of any of its contents on November 1, 1922, not exceeding the sum of $2,221.00 in all.'' Appellant vigorously attacks the portion of that instruction submitting the measure of damages as to the building destroyed. The objection to that instruction is well taken. By it the jury may have understood that they were authorized to award plaintiff a sum sufficient to enable him to replace the barn that was

destroyed by fire with a new barn. The fair and reasonable value of the barn destroyed would have been the proper measure of damages in this case, and upon another trial the court will so instruct the jury. See L. & N. R. R. Company v. Beeler, 126 Ky. 328; Georgetown Water, Gas, Electric & Power Company v. Neale, 137 Ky. 197; Kentucky T. & T. Company v. Bain, 161 Ky. 44.

For the reasons indicated the judgment herein is reversed and this cause is remanded, with direction that appellant be granted a new trial, and for other proceedings consistent with this opinion.