## Kentucky & West Virginia Power Co., Inc., v. Kilburn.

May 2, 1947.

S. M. Ward, Judge.

636

Willis W. Reeves for appellant.

B. W. Baker for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

This action was brought by Nat Kilburn against Kentucky and West Virginia Power Company, Incorporated, seeking to recover $2,500 in damages for the loss of his house and contents by fire on January 1, 1946.

He alleged specifically that the fire was caused by the negligence of the Power Company in installing its service wires connecting the house with the Power Company's main line, in that the wires were attached to the wooden walls of the house with ordinary wire or iron staples.

By answer the Company denied the allegations of the plaintiff and affirmatively pleaded contributory negligence. The trial resulted in a verdict for the plaintiff in the sum of $1,000. Judgment was entered accordingly. The Power Company appeals.

In motion and grounds for new trial numerous errors were assigned but the Power Company relies here on only a few of them.

It strongly insists, first, that the court erred in refusing peremptorily to instruct the jury to find a verdict for the defendant at the close of the plaintiff's evidence, and also in so refusing at the close of all the evidence.

It next insists that if this court should be of the opinion the evidence was sufficient to submit the matter to the jury, then: (1) the court erred in admitting incompetent and irrelevant evidence offered by the plaintiff upon the trial; (2) the court erred in the instruction given to the jury; and (3) the verdict of the jury is excessive.

We consider, first, the contention as to whether or not the defendant was entitled to a peremptory instruction. The plaintiff, Nat Kilburn, testified definitely and positively that the Power Company employees, in installing the service wires, nailed them to his house with a steel clamp. He testified that no insulator was used; that the service line was spliced about half way between the main line and the house; that at the time of installation Mr. Brashear, one of the two employees who did the installing, stated that they would return soon and properly complete the installation by the use of insulators. Kilburn stated that after some little time, upon their failure to return to complete the installation, he reported this fact to the Power Company. These statements were denied by the Company.

Supporting Kilburn in his testimony was his brother, his wife, a brother-in-law, and Debby Combs, a neighbor 80 years of age. This last elderly witness testified that Kilburn's house was not wired like hers but that instead of having insulators it had only clamps.

The witness, Ira Cornett, appellant's brother-in-law, testified that he had arisen early on the morning of the fire, which was sometime between the hours of 3:30 and 5 a. m., to go to work in the mines; that he was some distance down the road when he saw the wires leading to the Kilburn house burning; that for a brief period of time after that his view was obstructed, but that when he rounded a curve he saw the house on fire; that upon his arrival at the house the occupants had been forced to leave in their night clothes; and that he made the following statement: "I told Nat them wires was what caught his house on fire."

The Company now insists that under the above testimony they were entitled to peremptory instruction in that Kilburn failed affirmatively to show that the Power Company was negligent, and that as a direct and proximate result of that negligence he sustained the injury.

We cannot usurp the prerogatives of the jury. It was alleged and proven by a number of witnesses that staples were used in fastening the service wires to the house and that insulators were not used. We are not to pass upon the credibility of the witness, Cornett, who testified positively that he saw the wires leading to the house first burning. It is true that mere suspicion or conjecture as to what caused a fire is not sufficient to take the case to the jury. The plaintiff, to entitle him to recover, has the burden first of showing negligence in the installation. Park Circuit & Realty Co. v. Ringo's Guardian, 242 Ky. 255, 46 S. W. 2d 106. It cannot be said here that there is a total failure of proof of negligence or no room for reasonable inference that the proven negligence had causal connection with the fire. Therefore, we conclude the court properly overruled the motion for peremptory instruction.

The defendant introduced as its witnesses men of experience in the field of electricity. By these witnesses testimony describing in detail the installation of service wires and safety appliances was introduced.

K. C. Brashear and Hobart Bowling, employees of the Company, who installed the service at the Kilburn house, were introduced. Brashear testified that no part of the service wire touched the wood of the house except the battleship cable and that such contact would not cause the house to ignite, and further that if any trouble occurred on the line the fuse at the transformer would blow. He and his assistant, Bowling, both testified that only that material which had been approved by the National Fire Underwriters Association was installed and that wire holders, sometimes called insulators, made of brown porcelain were used. The testimony taken together merely contradicts the testimony of the plaintiff, and, as said above, is a matter that should be submitted to the jury. We therefore conclude also that the court properly refused the peremptory instruction at the close of all the evidence.

This leads us then to the three subsequent contentions above set out. It is contended by appellant that certain evidence offered by the plaintiff and admitted was incompetent and irrelevant. Nat Kilburn was asked by his attorney whether or not the electric power which was connected to his house was properly installed. Objection was made and the court sustained the objection but the witness proceeded to answer anyway that it was not properly installed. This appellant contends was prejudicial. It is noted, however, that the court immediately told the jury not to consider that answer. This properly took care of the situation.

Appellant further contends that the court improperly overruled its objection to the question asked the same witness as to whom he made the report that his house had not been properly wired. We see no merit in this contention. The witness stated that he made objections to the Power Company at the Power Company's office. While he didn't identify the man, he did say it was at the Power Company's office, and that he got the reply that they would install insulators in a day or two.

It is urged that he also failed to qualify as a witness on the value of the house at the time of the fire. The fact cannot be overlooked that he did testify that he purchased the material to build the house and he paid for the labor in the erection of it, and that the house was comparatively new, having been built only 3 or 4 years prior to the fire. Obviously, that is sufficient to qualify him as to the value of that particular house.

It is next contended that the court erred in permitting plaintiff, Kilburn, to enumerate the cost price of the numerous articles of personal property claimed to have been burned in the house. The evidence of Kilburn shows that most, if not quite all of these articles, were comparatively new and in good condition, and it cannot be seriously contended that the cost price of these comparatively new articles could not have been of assistance in arriving at the fair and reasonable value at the time of the fire. See Union Light, Heat & Power Co. v. Heving et ux.. 250 Ky. 223, 62 S. W. 2d 789.

Objection is made to an allegedly improper hypothetical question propounded on cross-examination to

Bradley Dixon, a witness offered by the defendant. The witness was asked: "If the wire had been nailed on to the house and insulators had not been used and the transformer had not been working properly, could there have been such a short in that wire as to set the house on fire?" It is insisted that this question was improper because there was no evidence that the transformer was not working properly. In a measure that objection is well taken since there was no evidence that the transformer was not properly working, as a basis for that portion of the question. However, the significant part of the question relates to the manner in which the service wire had been nailed to the house and to the failure to use insulators. We, therefore, must reject appellant's contention with respect to the alleged incompetent evidence.

Appellant next complains of the instructions, first, because the court did not define negligence as used in the instructions, and failed to include in the instructions the law relating to the reasonable and proximate cause of the fire. Appellant takes the position that the court went too far when it told the jury that the Company was obliged to keep and maintain its service wires free from damage to plaintiff's house. It is insisted this duty was not incumbent upon the Company, but rather it is required to exercise only the care of a reasonable man skilled in the practice and art of installing such equipment according to the state of the art or method generally used by persons engaged in a like business. The cases cited by appellant in support of this contention do not deal with the question raised here. They deal more particularly with the question of a peremptory instruction where the evidence is insufficient to take the case out of the realm of speculation. It will be observed that under 1 of the instructions, the court instructed as follows:

"It was the duty of the defendant, Kentucky and West Virginia Power Company to exercise the utmost care and skill to install and construct, keep and maintain its service wires leading to the house occupied by Nat Kilburn, free from damage to said house; so as not to cause said house to catch fire from said service wires.

"By service wires is meant the wires installed by

the Company and leading from its main lines to the house.

"It was not the duty of the defendant to inspect, examine or repair any electric wiring in said house, and it had no responsibility for any defects therein, if any there were."

This instruction was proper as we have held that one engaged in dealing in electricity must exercise the highest degree of care known in the operation of its business in order to prevent injury to persons or their property. Lexington Railway Company v. Fain's Adm'r, 71 S. W. 628, 24 Ky. Law Rep. 1443. In Instruction No. 2 the court included the law relating to the reasonable and proximate cause of the fire.

Appellant also complains that the court in effect peremptorily instructed for Kilburn when it told the jury that the Company violated the duty required of it in Instruction No. 1 by fastening the service wires to the house with ordinary wire staples. A careful reading of the instruction complained of will show clearly that the court did not so instruct the jury. The court instructed as follows: "If you shall believe from the evidence that the defendant through its agents and employees, in connecting its service wires with the property of the plaintiff, violated the duty required of it in Instruction No. 1 above, by fastening the service wires to the walls of plaintiff's house with ordinary iron or wire staples, and that by reason thereof and as a direct and proximate result thereof, the house of plaintiff caught fire and burned personal property therein, then you will find for the plaintiff * * *."

That instruction is clear, concise, and bears directly upon the point in issue as alleged in the petition, and as brought out in the evidence. In the light of that clear instruction, nothing of what has been said about the instructions thus far can be well taken.

It is also insisted that Instruction No. 3, which told the jury to find for the defendant if they believed the house was burned from some cause other than a violation of the duty as set out in Instruction No. 2, was ambiguous. It must be admitted that, apparently, the negative instruction, as embodied in No. 3, was possibly

unnecessary, yet in view of the fact that the defendant had pleaded contributory negligence, and undertook to create the impression that because there were no flues for the stoves, and since they were not responsible for the wiring within the house, the house could probably have caught fire from the flue or from interior wiring. The court, in view of this contention of the defendant, merely told the jury if they believed the house was burned from some cause other than the defective installation as alleged by the plaintiff, then they should find for the defendant. Certainly, the defendant cannot be heard to complain about that instruction.

Lastly, it is contended that the court erred in that the instructions failed to give the proper criterion of damages by fixing the measure of damages as the cost of rebuilding a house of the same kind and character as the house which burned. The court instructed as follows: ''* * * then you will find for the plaintiff such a sum in damages as represents the fair and reasonable cost of rebuilding a house of the same kind and character as the house burned and at the time it was burned * * *.''

In the case of Illinois Cent. R. Co. v. Nuckols, 212 Ky. 564, 279 S. W. 964, 965, a similar instruction was given. With respect to that instruction, this court said: ''Appellant vigorously attacks the portion of that instruction submitting the measure of damages as to the building destroyed. The objection to that instruction is well taken. By it the jury may have understood that they were authorized to award plaintiff a sum sufficient to enable him to replace the barn that was destroyed by fire with a new barn. The fair and reasonable value of the barn destroyed would have been the proper measure of damages in this case, and upon another trial the court will so instruct the jury. See Louisville & N. R. R. Co. v. Beeler, 126 Ky. 328, 103 S. W. 300, 31 Ky. Law Rep. 750, 11 L. R. A., N. S., 930, 128 Am. St. Rep. 291, 15 Ann. Cas. 913; Georgetown Water, Gas, Electric & Power Co. v. Neale, 137 Ky. 197, 125 S. W. 293; Kentucky Traction & Terminal Co. v. Bain, 161 Ky. 44, 170 S. W. 499.''

Since the instruction in the present case involves a comparable situation to that in the above, we conclude, in harmony therewith, that the proper measure of damages is the fair and reasonable value of the build-

ing, when and where it was destroyed, and not the cost of rebuilding one of the same kind and character.

Thus concluding, we deem it unnecessary to consider the matter of the excessiveness of the verdict.

Wherefore, the judgment is reversed.