**KENTUCKY POWER COMPANY,**
Appellant,

v.

**V. G. COMBS et al., Appellees.**

Court of Appeals of Kentucky.

June 21, 1957.

Rehearing Denied Oct. 4, 1957.

Willis W. Reeves, Hazard, for appellant.

Napier & Napier, C. W. Napier, Jr., Hazard, for appellees.

CAMMACK, Judge.

This action was instituted by V. G. Combs and Jane Combs, the appellees, to recover the value of a store building and its contents which were destroyed by fire allegedly caused by the negligence of the appellant, the Kentucky Power Company. The jury returned a verdict of $5,000 for the appellees, and this appeal is from the judgment entered thereon.

■ The alleged negligence of the Company was the maintenance of a defective entrance cable which connected its three-wire service drop with the meter on the side of the appellees' store. The cable had allegedly become so weather-worn that it was no longer properly insulated. While the appellees contend that the wire was installed and controlled by the Company, the latter insists that its control and ownership terminated at the point where its service drop connected with the cable. It disclaims any responsibility for the cable itself, but concedes that it owned the meter. Under our view of the case, it is unnecessary to discuss that issue other than to say in passing that, under the evidence, it was a matter for the jury.

At the close of the plaintiffs' evidence, and again after all the evidence was in, the Company moved for a directed verdict. The court overruled both motions. After a verdict had been returned and judgment entered thereon, the Company moved under CR 50.02 to have the judgment set aside and to have a judgment entered in accordance with its motion for a directed verdict. As grounds therefor, it was urged that no negligence had been shown; the Company's control over the cable had not been established; and, in any event, it had not been shown that the condition of the cable caused the fire. The motion was overruled, and the Company seeks a reversal of the trial court's action on this appeal.

■ Even if it is established sufficiently that the Company controlled the cable and

was negligent in the maintenance thereof, the verdict for the appellees can be sustained only if the evidence establishes a causal relation between that negligence and the fire which resulted in a loss to the appellees. The verdict against the Company must not be based upon speculation or conjecture concerning the cause of the fire. See Smith v. Kentucky-West Virginia Power Company, Ky., 283 S.W.2d 376, and Kentucky Power Company v. Hogg, Ky., 301 S.W.2d 1, and cases cited therein.

■ Jane Combs, one of the appellees, was the first to discover the fire. Her testimony concerning the extent of the fire when first discovered is somewhat contradictory. She first related that she saw "the fire shooting, and smoke at the back of the house" (store), whereupon she threw a bucket of water on the fire, without avail, then ran to the front of the store and, with the aid of her son-in-law, broke down the front door. She was unable to enter the store because it was filled with smoke; but she felt no heat and saw no fire except that at the back of the store. At another point in her testimony, she stated that "all the wires that run into the house and the three wires that was running out was on fire a little"; but elsewhere she said only the three service wires were on fire. Still another portion of her testimony shows that the fire was "right in above the meter, and on out the top of the house, and the three like that coming in the top of the house, they was on fire." On re-cross examination, Mrs. Combs said the wire caught on fire first, but conceded that the tar paper on the top of the building might have caught first.

Considering this testimony in its entirety, it merely establishes that the witness first saw flames around the wires on the back of the building and concluded from that observation that the wires first caught on fire. She admits that the entire building was filled with smoke at the time she saw the flames near the back. She does not state that there were no other flames, but merely that she saw none through the smoke; and nowhere does she say that she saw the wires catch on fire before any other part of the building had started to burn. Hence her conclusion that the fire started from the defective cable is mere speculation based solely upon her observation that the wires were burning when she discovered the fire.

The record contains no other testimony to the effect that the cable was burning before the building caught fire. V. G. Combs, Arnold Combs and Harrison White each testified that when they reached the scene the building was burning on the back side near the meter, but none of these witnesses related that they saw the cable burning before the building caught fire. Jack Godsey testified that he saw the cable burning, but failed to pay any attention to other parts of the building that might have been burning at the same time.

Hence, the record contains no more than mere speculation that the alleged defect in the cable caused the fire. In this respect the case differs materially from the situation presented in Kentucky & West Virginia Power Company v. Elliott, 310 Ky. 496, 220 S.W.2d 964, and in Kentucky & West Virginia Power Company v. Kilburn, 304 Ky. 635, 201 S.W.2d 896, two of our prior decisions heavily relied upon by the appellees. In both of those cases a witness testified that he saw the building catch fire from a burning wire, and in each case we held that such evidence removed the case from the realm of conjecture and speculation. This vital testimony is lacking in the case now under consideration. A different factual situation involving low voltage was presented in the recent case of Kentucky Power Company v. Kilbourn, Ky., 307 S.W. 2d 9.

The judgment is reversed, with directions to set it aside, and with directions to enter a judgment notwithstanding the verdict, in accordance with the appellant's motion.