The UNITED ELECTRIC COAL COMPANIES, Appellant,

v.

Jesse BROWN et al., Appellees.

Court of Appeals of Kentucky.

Feb. 23, 1962.

Nichols & Nichols, Madisonville, for appellant.

Vert C. Fraser, Province, for appellees.

CLAY, Commissioner.

Appellee plaintiffs recovered a $5,000 judgment for alleged permanent damage to their farm which they claimed was caused by the discharge of "copperas" water from appellant defendant's strip mining operation.

In 1952 plaintiffs purchased a 286 acre farm in Hopkins County. Its most produc-

tive part consists of about 70 acres of bottom land traversed by Buffalo Creek. Several times a year this bottom is flooded by the overflow. A mile or more above the farm, in the vicinity of the headwaters of the creek, defendant had for many years been engaged in the strip mining of coal.

According to plaintiffs' evidence, their tillable land produced good crops in the years 1953, 1954 and 1955. Plaintiffs claim that in 1956 the fish in the stream disappeared, the cattle would not drink the water, and the land would not, produce a good crop. No alteration in defendant's operations was shown to have created a change of conditions. The situation had not improved when this suit was filed in 1959.

There was testimony the water in the creek, or at least the sediment, had a reddish color, and an attempt was made to trace the condition of the stream to the seepage from one or more of defendant's dump pits. There was some evidence of dead trees, bushes and other vegetation on or near the stream in the vicinity of the mining operation.

Plaintiffs' witnesses described the water in the creek as being "copperas" water. As if there were some magic in this descriptive term, plaintiffs did not introduce any evidence of the chemical properties of the water, or the nature and extent of its contamination, if any, nor did they attempt to show that it contained substances injurious to land.

█ Defendant contends it was entitled to a directed verdict because plaintiffs' proof was insufficient to establish (1) that the water in Buffalo Creek was contaminated by it, or (2) that the water, if contaminated, was injurious to their land, or (3) that the damage was permanent. While there may have been adequate evidence with respect to item (1), showing that to some extent Buffalo Creek had been contaminated by seepage from defendant's pits (along with seepage from other pits not owned or controlled by defendant), we find a fatal deficiency in the evidence with respect to items (2) and (3).

As indicated above, there was no direct evidence that the water flowing in Buffalo Creek contained chemical properties injurious to plaintiffs' land or crops, nor was there any direct evidence that the injuries, if any, were of a permanent nature. Plaintiffs' case is built entirely on circumstantial evidence and our question is whether or not it was sufficient to present a jury issue of liability.

█ A civil claim may be proved by circumstantial evidence but it must do more than suggest liability as a matter of conjecture, surmise or speculation. Steely v. Hancock, Ky., 340 S.W.2d 467. A fact is not proved by circumstantial evidence if it is merely consistent with such fact. Byland v. E. I. Du Pont De Nemours Powder Co., 93 Kan. 288, 144 P. 251, L.R.A.1915F, 1000; Wilbur v. Emergency Hospital Ass'n, 27 Cal.App. 751, 151 P. 155. In other words, the circumstantial evidence must go far enough to induce a reasonable conviction that the facts sought to be proved are true and must tend to eliminate other rational theories. 20 Am.Jur., Evidence, Section 1139 (page 1043); Burgess v. Small, 151 Me. 271, 117 A.2d 344, 51 A.L.R.2d 1149. As we said in Steely v. Hancock, Ky., 340 S.W.2d 467, 470, with regard to certain physical evidence (which was clearly circumstantial), "it must substantially support a definite conclusion, excluding all reasonable conflicting hypotheses". See also Esso Standard Oil Co. v. Stewart, 190 Va. 949, 59 S.W.2d 67, 18 A.L.R.2d 1319.

With these principles in mind, we re-examine the plaintiffs' evidence. The sum and substance of their proof was that some reddish substance had seeped from one or more of defendant's pits; that Buffalo Creek at times had a reddish or yellowish color, or a red sediment on the bottom, that fish had disappeared from the creek, that plaintiffs' cattle refused to drink the water, and that since 1956 the bottom land

failed to produce crops as bountifully as it had for three years prior thereto. Why the fish left the stream or the cattle refused to drink the water we do not know. In any event, plaintiffs sought damages for permanent injury to their land and our question is whether or not the above facts are sufficient to induce conviction in the minds of reasonable men that defendant's wrongful acts caused plaintiffs such damage. See Wadkins' Adm'x v. Chesapeake & Ohio Railway Co., Ky., 298 S.W.2d 7.

We may assume the facts shown by the plaintiffs are consistent with a claim of injury. On the other hand, there are additional facts in the case either admitted by the plaintiffs or proved beyond question that offer a reasonable, if not more probable, explanation of the apparent loss of fertility of plaintiffs' soil. The tillable land in the bottom was subject to constant flooding, which was shown not only to affect its fertility but at times actually prevented plaintiffs from harvesting their crops. In addition, it was established by witnesses for both plaintiffs and defendant that this bottom land is deficient in lime, potash and phosphorus content. It was also shown that the soil is of sandstone origin, which tends to make it acid. There are in this record many explanations of the loss in productivity of plaintiffs' land other than injurious substances, if any, in Buffalo Creek.

In Bryan v. Gilpin, Ky., 282 S.W.2d 133, 135, we observed:

"It may be said that before a case is submitted to a jury on circumstantial evidence the proven facts must justify a fair inference of liability. An inference of liability is not a fair one if other inferences of non-liability are equally as reasonable."

Considering all the circumstances shown by this record, a reasonable inference of nonliability is equally as strong as, if not more plausible than one of liability. Therefore the plaintiffs failed to carry the burden of proof and the jury should not have been permitted to speculate. McAtee v. Holland Furnace Company, Ky., 252 S.W. 2d 427; Luckett v. Adolphus Cleaners, Ky., 262 S.W.2d 191; Kentucky Power Company v. Combs, Ky., 305 S.W.2d 105.

In our opinion the trial court should have directed a verdict for defendant, and not having done so, should have sustained its motion for a judgment notwithstanding the verdict. It is unnecessary to consider other aspects of the case.

The judgment is reversed with directions to enter judgment for defendant.