EDWARDS AND WEBB CONSTRUCTION COMPANY, INC. and Williams-Crabtree Construction Company, Inc., Appellants,

v.

Mahala DUFF, Jean D. Rezek, Donald Duff and Janet Duff, Appellees.

Court of Appeals of Kentucky.

Aug. 19, 1977.

Robert L. Milby, Hamm, Taylor, Milby & Farmer, London, for appellants.

A. E. Cornett, Hyden, for appellees.

Before HOWERTON, COOPER and REYNOLDS, JJ.

HOWERTON, Judge.

This case involves the issue of damages due to blasting. A unanimous jury verdict awarded appellees, store owners, $80,000.00 against the appellants.

Appellants' major arguments are that there existed only hearsay evidence as to the identity of the alleged tort-feasor, that the verdict was based upon vague, uncertain evidence of damage, and that the judgment was grossly excessive based upon the market value of the building.

Upon a review of the record, we find that there was sufficient evidence in Mahala Duff's testimony to allow the determination that the appellants herein were the tort-feasors in this case. It is of interest to note that appellants' attorney, in his closing argument (p. 57), concedes that his clients set off the blast. A complete review of the record reveals that at the trial the real dispute between the parties was damages. It should also be noted that appellants presented no direct evidence in the case, but simply relied upon cross-examination of appellees' witnesses and their motion for a directed verdict at the close of appellees' case. We see no need to recount the evidence of the numerous other witnesses who testified to the shock wave which followed the discharge of a blast by appellants as they were engaged in a street improvement project in the city of Hyden.

Appellants attempted to have the testimony of Mr. R. R. Davidson stricken from the record. We believe that the court correctly overruled said motion, and therefore, appellants would not have been entitled later to a directed verdict. Davidson is

a builder with over nineteen years experience in the construction business. He testified that it would cost $90,154.00 to repair the building in question. We believe that the evidence was of sufficient probative value and was admissible. *Kentucky State Racing Commission v. Fuller*, Ky., 481 S.W.2d 298, 308 (1972). Appellants argue strenuously that the expert testimony of Davidson was vague in that he would not state unquestionably that each and every aspect of his estimate was necessary. A reading of the record shows that any uncertainty he did express was necessary because the extent of the damage could not be completely known until actual repair work was underway. It should be noted that the jury brought back a verdict of several thousand dollars less than Davidson's estimate. The verdict was rendered after the jury viewed the building upon appellants' motion.

Appellants claim that the judgment for $80,000.00 for repair was grossly excessive. Appellants buttress this argument by claiming that the market value of the building before being damaged was only $37,500.00. This was the amount of the tax assessment on the property. While appellees did not object to the admission of such evidence on cross-examination at the trial, it was pointed out that the owners of the building did not list this value themselves. Also, there was no evidence in the record of when the property was last evaluated for tax assessment purposes. Additionally, appellants argue that appellees' testimony that the yearly rental income from the property was $3,000.00 is indicative of the building value.

Appellants' real complaint regarding this latter issue appears to be with the instructions to the jury:

The court instructs the jury that if you believe from the evidence that at the time and place referred to in the evidence, the defendants, their agents, servants and employees, caused to be exploded, or discharged, explosives near the building of the plaintiffs as described in the evidence which caused and produced heavy and unusual concussions and vibrations of the earth and air around said building, and thereby unreasonably subjecting the plaintiffs' property to substantial damage, then you will find for the plaintiffs such sum in damages as you may believe, from the evidence, as will enable them to restore said building to substantially as good condition as it was before the injury complained of, not to exceed the sum of $90,534.00, the amount demanded in the amended complaint. Unless you so believe, you will find for the defendants.

■ The appellants offered an instruction which would have limited recovery to the total value of the building. The court refused to give the instruction, and therein we find reversible error. The instruction given by the trial court permitted recovery for whatever amount would be required to repair the building. Certainly, if one has a $400.00 automobile and sustains damages that would cost $1,000.00 to repair, the vehicle is a total loss and an insurer, or tort-feasor, must pay only the total value.

*Kentucky Stone Company v. Gaddie*, Ky., 396 S.W.2d 337, 340 (1965) reads, ". . . (T)he measure of damages in this type case [blasting] is the cost of repair, if repair may be readily accomplished—or, if not, then the difference in market value before and after the alleged damage."

■ In a case such as this, (1) if the property can be reasonably repaired, the measure of damages is the reasonable cost of repairs, or (2) if repairs cannot be reasonably made, the measure of damages is the difference in market value of the property before and after the injury. A test of whether or not property may be reasonably repaired is whether or not the cost of repair exceeds the difference in market value before and after the injury. If the cost of repairs (or rebuilding) exceeds the difference in the market value of the property before and after the injury, then such cost is manifestly unreasonable and the building may not be reasonably repaired at the expense of the tort-feasor, although repair is technically possible. See also, *Kentucky Traction and Terminal Co. v. Bain*, 161 Ky.

44, 170 S.W. 499 (1914); *Kentucky & West Virginia Power Co., Inc. v. Kilburn*, 304 Ky. 635, 201 S.W.2d 896 (1947); *Baker Pool Company, Inc. v. Bennett*, Ky., 411 S.W.2d 335 (1967); and, *State Property and Buildings Commission v. Miller Construction Company*, Ky., 385 S.W.2d 211 (1964).

Evidence of market value was weak and somewhat inconclusive, but so was the evidence of repair cost. The evidence presented on cross-examination did have some probative value of total worth, even if not of a difference between the before and after value. We cannot say that this case was presented without any evidence of value. To limit recovery to what the jury might determine to be total value, which was all the appellants attempted to prove, would have been a greater amount than would have been the difference in values before and after the blast. The court should have instructed the jury to at least limit recovery to total fair market value, if the cost of repair would exceed the value.

We cannot say that an award of $80,000.00 is so shocking as to be clearly excessive, but if a jury had been given an opportunity to consider the total value rather than only the repair cost, the award might have been substantially different. The proof and contention of the appellants was obviously that the building was a total loss under the circumstances. They sought no consideration or credit for salvage and land value less clean-up costs. The jury was permitted to view the premises, and could have considered value as well as repair costs. It was reversible error for the trial court to refuse to include a limit of value in its instruction, as was requested by the appellants.

■ The parties to this appeal are in agreement that a technical error exists in the judgment rendered. The trial court is therefore directed to modify its award of interest to a limit of 6% per annum.

The judgment is reversed and the case is remanded to the circuit court for a determination of damages consistent with this opinion.

All concur.