## Eastern Kentucky Home Telephone Company, et al. v. Dempster Construction Company.

(Decided January 25, 1927.)

### Appeal from Pike Circuit Court.

1.  Appeal and Error—Judgment in Action for Destruction of Telephone Line, Heard in Equity by Consent, will Not be Disturbed, if There is Doubt as to Truth of Facts.—Where common-law action for damages for destruction of telephone line was heard in equity by consent of parties, reviewing court, giving weight to findings of chancellor, will not disturb his judgment, if there is reasonable doubt as to truth.

2.  Telegraphs and Telephones—Evidence Held to Show no Legal Right to Maintain Telephone Line Upon County Highway.—In suit for damages for destruction of telephone line, evidence showing that plaintiff had obtained no franchise from county, and that her telephone line was upon county highway, held sufficient to show plaintiff had no legal right to maintain telephone line on such county highway.

3.  Telegraphs and Telephones—Owner of Telephone Line Held Not Entitled to Demand that Contractor Grading Road Bear Expenses of Removing Line.—In suit for damages for destruction of telephone line, plaintiff held to have no right to demand that contractor bear expenses of removing telephone line, when grading county road; there being showing that plaintiff had no right to maintain telephone line on such highway.

4.  Appeal and Error—In Suit for Destruction of Telephone Line, Award for Unnecessary Damage by Blasting will Not be Disturbed, on Conflicting Evidence.—In suit for damages for destruction of telephone line, there being conflicting evidence as to amount of unnecessary damage done to plaintiff's line through blasting, award of $250 could not be disturbed.

5.  Damages—In Suit for Destruction of Telephone Line, Allegations of Damages Must be Proved, Though Not Traversed (Civil Code of Practice, Section 126).—In suit for damages for destruction of telephone line, allegations of damages held required by Civil Code of Practice, section 126, to be proved, though not traversed.

6.  Damages—In Suit for Destruction of Telephone Line, Owner Held Not Entitled to Recover as Damages Amount Expended in Rebuilding.—In suit for damages for destruction of telephone line,

plaintiff held not entitled to recover amount expended in rebuilding line; old line being in bad condition, and new line being possibly more valuable than old line when destroyed.

7. Pleading—In Suit for Destruction of Telephone Line, Allegations as to Expense of Rebuilding Line Held Subject to Motion to Strike. —In suit for damages for destruction of telephone line allegations as to expenses incurred in replacing destroyed line covering matter of evidence only held subject to motion to strike.

8. Pleading—In suit for Destruction of Telephone Line, Petition Properly Averring Special Damages Through Loss of Tolls Held Sufficient After Evidence and Judgment.—In suit for damages for destruction of telephone line, petition held sufficient to warrant judgment; there being allegation of special damages as to amount of tolls lost, which was properly averred, and any other defects in pleadings being cured by evidence and judgment after trial on merits without objection.

MOORE & CHILDERS for appellants.

J. R. JOHNSON and JOHNSON, AUXIER & HINTON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

This action was brought by the Eastern Kentucky Home Telephone Company and Mrs. Stella Starkey, the sole owner thereof, against the Dempster Construction Company. It was alleged that the plaintiff owned and operated a line of telephone between Pikeville, Kentucky, and Williamson, West Virginia, during the year 1922; that the defendant, against the plaintiff's will and consent, unlawfully and wrongfully tore down and destroyed the telephone line at various places, and the plaintiff was compelled to go to the expense of employing men and furnishing new material at an expense of $1,204.55; that while the line was torn down plaintiff was unable to furnish her customers with telephone service and they refused to pay her rentals to the amount of $1,675.00, making in all $2,879.55. Judgment was prayed against defendant for this amount.

The defendant by its answer denied that the plaintiff was compelled to go to the expense of employing men or furnishing new material to rebuild the line "at an expense of $1,204.55, or anything like that amount," or that any part of the expense alleged was caused by an unlawful or wrongful act of the defendant. It also denied she had lost any tolls. The defendant alleged affirmatively that it entered into a contract with the state of

Kentucky to grade the state road from Pikeville to Williamson. For the purpose of such grading the county and state had acquired right of way along which plaintiff had placed her telephone poles and wires without right; that before beginning the work it notified the plaintiff of the fact that her poles would have to be removed, and that she did not do this; that it used all reasonable means to keep from interfering with her telephone service, and that such injury as was done to the line was unavoidable in the necessary prosecution of the work. A reply was filed controverting the allegations of the answer. By consent of parties the case was transferred to equity, proof was taken, and on final hearing the circuit court entered a judgment in favor of the plaintiff for $250.00. From this judgment she appeals and the defendant prosecutes a cross-appeal.

This was strictly a common law action for damages, heard in equity by consent of parties. In such cases the court gives weight to the finding of the chancellor, who knows the local witnesses and the value of their testimony and has more or less knowledge of local conditions. In such cases his judgment on the facts will not be disturbed when upon the whole case the mind is left in doubt as to the truth.

The proof shows without question that the plaintiff had no legal right to maintain her telephone line upon the county highway. No franchise had been obtained from the county and her line was upon the county highway without right. Christian-Todd Telephone Co. v. Commonwealth, 156 Ky. 557.

The proof also shows clearly that the state undertook the reconstruction of this road in the year 1921. The state division engineer, after locating the line, had the right of way cleared off and prepared for the contractor. Before he did this he had a conference with Mrs. Starkey and she was well informed as to what had to be done. She did not take any steps to move her line and some of the work that is now complained of was done under the direction of the state division engineer, by convicts working for the state. After the contract was let to the defendant it had conferences with Mrs. Starkey. The only offer she made was that she would move the line if the defendant would pay the expenses, and this it did not agree to, and the work proceeded. Mrs. Starkey having no right to maintain the poles on the highway,

had no right to demand of the contractor that it would bear the expense of removing the line. The road had to be graded and widened and this could not be done unless the poles were moved.

The road as relocated by the state engineer did not follow in all places the old line and in some places was at a considerable distance from it. There is proof in the record to the effect that in excavating the new line the contractor unnecessarily and unreasonably blew the rock over on the old line and thus destroyed part of the plaintiff's line. According to the proof for the defendant there was not much of this, but according to the proof for the plaintiff there was much more. The circuit court under all the evidence fixed this unnecessary damage at $250.00, and giving proper weight to the judgment of the circuit court, who was on the ground, this court cannot disturb his conclusion on the question of fact. The proof for the defendant warranted a smaller judgment than that given by the court.

It is insisted by the plaintiff and defendant each that judgment should have been given in its favor on the pleadings. The plaintiff insists that her allegation that her expenses in rebuilding the line amounted to $1,204.55 stood admitted by the denial that it cost this sum of anything like that amount. But the gist of the action was damages, and by section 126 of the Code, allegations of damages in a case like this must be proved though not traversed. The plaintiff was not entitled to recover the amount she expended in rebuilding the line, for the line when rebuilt may have been much more valuable than the old line. The proof shows that the old line was in a very bad condition. The amount of the expense was a matter of evidence only and might have been stricken from the petition on motion.

The defendant insists that the petition did not state the amount that the plaintiff was damaged and so was insufficient to sustain any judgment, but it did sufficiently allege the amount of tolls lost. This being special damages was properly averred, and it cannot be said that the petition did not warrant any judgment. The defects in the pleadings were cured by the evidence and judgment after trial on the merits without objection.

Judgment affirmed on original and cross appeals.