## Commonwealth, by State Highway Commission, v. Begley et al.

(Decided Dec. 20, 1935.)

JOHN E. CAMPBELL for appellant.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The state highway commission, by this action filed in the Perry county court, sought to condemn for highway purposes a strip of land 20 feet wide off one end

of a lot in Hazard, Ky., upon which stood a five-room one story frame residence, and which was the property of Mrs. John X. Begley, one of the appellees and defendants below, the other one being her husband, John X. Begley. The Commissioners appointed by the county court fixed the damages at a total sum of $750, and, after being summoned on that report, defendants filed. exceptions thereto claiming that they were entitled to a much larger sum. A trial before a jury in that court resulted in a verdict in favor of defendants for the sum of $800, and from it they prosecuted an appeal to the Perry circuit court wherein they obtained a verdict for $1,500, followed by plaintiff's motion for a new trial which was overruled, and from that order and the judgment pronounced on the verdict, plaintiff prosecutes. this appeal.

But two arguments are made in brief of appellant's counsel as grounds for reversing the judgment, and. they are: (1) The admission of incompetent evidence offered by defendants over plaintiff's objections, and rejection of competent evidence offered by plaintiff, and (2) that the verdict is excessive. No argument in criticism of any of the instructions of the court to the jury is made in brief, although in the motion for a new trial one of the grounds therefor was that "the court. gave the jury improper instructions." However, neither the record nor the bill of exceptions disclose any objections made to any of the instructions submitted to the jury, and for which reason we are precluded. from considering them. The same is true with the other grounds contained in the motion for a new trial (excluding the two argued ones, supra), since it is a prevailing rule in this court to treat the silence of counsel with reference thereto as an abandonment of them. We will, therefore, confine our discussion to grounds (1) and (2), supra, the latter of which is so dependent upon the first one that we have concluded. to discuss them together.

The incompetent testimony admitted over plaintiff's objections and exceptions, of which complaint is made in the first part of ground (1), consisted in the court disallowing plaintiff's witnesses to testify as to the value of a similar dwelling which was located in another part of the town of Hazard, and we will dispose of it without further discussion by saying that we think.

the court correctly ruled in rejecting it, although it properly admitted similar evidence relating to property located in the same vicinity of that of defendant, which was sought to be condemned in this case. Mrs. Begley, and perhaps other witnesses, testified as to the value of her house and lot at the time it was condemned, but without stating any facts upon which they based their estimates and some, if not all of them, showed that they were unfamiliar with the value of such property, and for which reason it is quite probable that as so given that testimony was improper. See Springfield Fire & Marine Insurance Co. v. Ramey, 245 Ky. 367, 53 S. W. (2d) 560. However, for the reasons stated, we will not further pursue that question.

The case was more or less carelessly prepared. It is not shown anywhere in the record the size of the lot upon which defendants' residence stood, but it does appear that the latter was a frame building erected out of second class lumber, containing five rooms with a tin roof, and that it was constructed somewhere between 1915 and 1918. We know of no better way of picturing its condition at the time it was appropriated than to insert the testimony of one of the only three witnesses who described it, and whose testimony is not contradicted by any one. That testimony, as given by that witness, was and is: "It was an all-ceiled house; three of the rooms had been papered; and the rest of them had been painted on the inside, just one coat, is the way it looked to me and the floors were all in bad condition, they were built of number two material; the whole house was built of number two material, except the weather-boarding, it looked very well. The house was in very good condition but it was out of plumb, it ran three-fourths of an inch to four feet, and there was a number of window-lights broken out; the doors was in bad condition, no locks on the doors at all, that is, not good for anything, no knobs on most of them; no screens on the windows and no lights in the house. It was wired for electric lights but the electricity wasn't cut on. There was a sink in the kitchen. No closets except one little bitty small closet beside the fire-place. The fire-place wasn't in good condition; the chimneys needed new tops, that is, they ought to have been topped out. And the roof had been leaking somewhat; it had rained shortly before I was down there

and one part of the house in front showed where water had been leaking through. Had a metal roof on it, seemed to be pretty bad rusted around the bottom edges; needed painting pretty bad. The whole house needed repairing in order to put it in good living condition.'' The other two described it in substantially the same terms.

From that undenied description, it is plain to be seen that it was considerably depreciated in value and which was far below that of a new building constructed out of new material. Defendants introduced a number of witnesses who were carpenters and who testified over the objections and exceptions of plaintiff what it would cost to construct a new building, such as the one partly appropriated, out of new material, and it is that testimony of which complaint is made, and we think that the court erred in not sustaining plaintiff's objections thereto. In the somewhat modern case of Richmond & Lancaster Turnpike Co. v. Madison County Fiscal Court, 114 Ky. 351, 70 S. W. 1044, 24 Ky. Law Rep. 1260, we stated the correct general rule governing the measurement of the amount of recovery in proceedings like this, as well as the questions to be tried in them, and which was as therein stated: ''What is a fair and just compensation to the owners for the property?'' In that case Madison county, through its fiscal court, sought to condemn a privately owned turn pike road located in the county under statutory law then existing permitting the county to do so. The Constitution (section 242) prescribes that the owner of property sought to be condemned shall not be deprived of it except upon the making of ''just compensation for property taken, injured or destroyed,'' and there have been numerous decisions rendered defining what is a ''taking'' within that constitutional provision, as well as enunciating rules for measuring the compensation, but many of which are irrelevant to the disposition of the question involved on this appeal, partially because of the reasons we have above stated.

Only a strip of the lot on one end thereof 20 feet wide was sought to be and was appropriated in this case, and upon which a part of the house was located, but whether that part so located consisted of only one or two rooms and that the actual taking consisted in separating those rooms from the remaining portion of

the house nowhere appears in the record by testimony, pleading, or otherwise. If the detached portion of the house was made in such a way as to make it possible to utilize its undisturbed portion, then that fact would have a bearing upon the correct measurement of defendants' damages. Also another fact was failed to be developed, and which was the size and shape of the remaining portion of the lot after the appropriation of 20 feet from one end of it. That remaining portion upon which the undisturbed part of the house stood may be left in such a shape and size as to be of considerable value, or it may be practically of no value, and those facts should have been developed. It is because of such failures that we were led to remark in a former part of this opinion that the case had been loosely prepared. However, the above outlined testimony complained of in ground (1) was both erroneous and prejudicial from any aspect of the case. In the first place, it is based upon the hypothesis that the value of the entire residence building was destroyed; or, in other words, that the remaining portion of the dwelling was valueless. If, however, that should be true, and it should also be true that the case was one where the entire building was appropriated, then the testimony, supra, was improper. In the Richmond & Lancaster Turnpike Co. Case, supra, 114 Ky. 351, 70 S. W. 1044, 24 Ky. Law Rep. 1260, such testimony was expressly condemned by this language: "The question, therefore, is not what it would cost to produce the turnpike road in question in the condition it was in on August 4, 1897, but what was the real value of the property as it stood on that date." That announcement of the rule is in harmony with like pronouncements by this court in other opinions. It is also in harmony with inescapable deductions from the constitutional provision relating to appropriations of private property for public purposes under the right of eminent domain.

Beyond question, that requirement prescribes for nothing more than compensation for the value of the property in its condition when it was appropriated (regardless of when that time may be) and not in some other improved manner whereby it would become of much greater enhanced value. Furthermore, our statutes relating to the subject and prescribing for condemnation proceedings expressly states that the dam-

ages recoverable by the owner of the property shall in no event exceed the difference between the reasonable market value of the property before the appropriating and its value thereafter. That rule is likewise applied in other actions for the recovery for the loss of property as will be seen from the cases of Eastern Kentucky Home Telephone Co. v. Dempster Construction Co., 217 Ky. 762, 290 S. W. 684, and Reed v. Mercer County Fiscal Court, 220 Ky. 646, 295 S. W. 995, 54 A. L. R. 1275. Any other rule entitling defendant to recover the enhanced value of a new building constructed out of new material would not comport with either the constitutional or statutory right conferred upon him, and which, as we have seen, is the value of the property as it stood at the time it was appropriated. Just how that may be arrived at is a different question. Perhaps a competent witness might be able to fix the value of the property in its then condition, or it might also be competent to ascertain the cost of construction of a new building and deduct therefrom the deteriorated value of the appropriated building in the condition it was at the time of the appropriation. But however that question may be arrived at, it is clear that the testimony complained of in this case, with the value testified to undiminished by deterioration to the appropriated building from the time it was constructed, was improper and the objection thereto should have been sustained.

If the remaining portion of the lot is of such size as that it may be utilized at a profit, or be of marketable value, such value should be deducted from the reasonable market value of the whole of the lot at the time of the appropriation, and likewise if the remaining portion of the house is in such condition as to permit its use and to invest it with value, the same rule should be applied. If, however, what is left of both house and lot for any reason has no appreciable market value, the case should then be treated and tried as if there had been an entire appropriation of both of them, and the testimony with reference to the reasonable market value thereof should be confined to the conditions of the property existing at the time of the appropriation. Appropriate instructions in a case like this are set out in the case of Commonwealth v. Combs, 244 Ky. 204, 50 S. W. (2d) 497.

For the reasons stated, the judgment is reversed

with directions to set it aside and sustain the motion for a new trial, and for other proceedings consistent with this opinion.