# F. A. Bartlett Tree Expert Co. v. Stamper.

January 13, 1948.

John J. Winn, Judge.

Thomas D. Theobald, Jr. for appellant.

J. H. Powers for appellee.

Opinion of the Court by Judge Knight—Reversing.

Appellant, under contract with the Kentucky-West Virginia Power Company, was, previous to March 10, 1946, engaged in constructing a pole line along Little Perry Creek in Rowan County. In that operation it was necessary to cut certain trees and underbrush along the right-of-way so that the poles could be set and the power lines strung.

Appellee brought this suit against appellant for damages in the sum of $625, alleging that the operation was conducted in a careless and negligent manner by appellant, its agents and employees, in that they left trees, brush and debris, which they had cut, in and along the creek at points where they could and did wash down said stream and over and against the property of appellee, obstructing and blocking the progress of the water in said stream so as to cause a bridge, the property of the appellant, to be washed out and destroyed, the crops to be destroyed and some lumber and wood belonging to him to be washed off and lost to the appellee. He prays for damages in the sum of $500 for the loss of the bridge, $100 for loss of his crops, and $25 for the loss of the lumber and wood.

Trial of the case resulted in the verdict by the jury in favor of appellee for the full amount prayed for. From that verdict and judgment thereon appellant prosecutes this appeal.

## Proof in the Case.

Appellee's proof was in substance that employees of appellant cut along the right-of-way referred to and near the creek a large sycamore tree about 22 feet long and 19 inches at the butt, and other timber which it left near the creek; that on May 10, 1946, a heavy rain fell and the resultant high water washed the sycamore tree and other brush and chunks against his bridge tearing it up and destroying it; that before the bridge went

out the logs and debris formed a dam which caused the collected water to pass over and damage about half an acre of his corn and to wash away about 500 feet of loose lumber which he had for use in his coal yard; that the bridge was built of stone, concrete and wood, and was rebuilt by appellee at a cost of $576.75 for team work, man work and his own work. There was no break-down of this figure and nothing to show how the cost was arrived at. There was no testimony as to the value of the crops destroyed and the only testimony concerning the lumber lost was that there were about 500 feet of it and that it was worth $45 per thousand feet. All of appellee's testimony was to the effect that on the date referred to there was a hard but not an unusual rainfall.

The testimony for the appellant was in substance that none of the trees or logs that were cut were left in the creek but were put out of what was thought to be the high-water mark; that the big sycamore log referred to was left on top of the bank above the evidences of ordinary water in the creek and that no brush was left in the creek; that on May 10, 1946, there was an unusually hard rain, resulting in a flash flood which got over the main highway No. 60, and that people were forced to move out of their homes along the creeks.

### The Law of the Case.

In its brief appellant lists as grounds for reversal the following: (1) Error of the court in over-ruling appellant's demurrer to the petition as amended. (2) Over-ruling its motion for peremptory instructions at the close of appellee's evidence. (3) Over-ruling its like motion at the close of all the evidence and on the whole case. (4) Permitting incompetent evidence offered by appellee over its objection. (5) Erroneous and prejudicial instructions given to the jury. (6) The damages awarded were excessive. (7) Submitting the question of damage to the bridge and crops to the jury without any competent evidence as to its value or any qualified witness. (8) The verdict was not sustained by sufficient evidence and is contrary to law.

We find no merit in any of these contentions except Nos. 5, 6 and 7 which we are considering together as one ground since they are closely interwoven.

Instruction No. 2 given by the court reads as follows: "If you find for the plaintiff, you will find for him such sum and damages as will reasonably compensate him for the damage or destruction of his bridge not exceeding the sum of $500.00 and for the damage to his crop, if any, not exceeding $100.00 and for the reasonable market value of the lumber carried off, if any was so carried off, not exceeding $25.00, the total recovery not to exceed $625.00, the amount claimed in the petition."

This instruction is erroneous because it gives the jury no standard by which to measure the damage to the bridge and crops sustained by the appellant. We think the proper measure of damages in this case, as to the bridge, is the reasonable value of the bridge at the time it was destroyed; this to be ascertained by estimating, as of the time of its destruction, the cost of constructing a bridge similar to the one destroyed and deducting from the amount of such estimate the depreciation which the old bridge had suffered by reason of age and use. While we find no Kentucky case involving the measure of damages for the destruction of a bridge, we are of the opinion that the measure of damages would be the same as in the destruction of a rock fence as we held in the case of Reed v. Mercer County Fiscal Court, 220 Ky. 646, 295 S. W. 995, 54 A. L. R. 1275. See other cases cited therein.

As to the damage to appellee's corn crop, instruction No. 2 is clearly erroneous and there was no evidence to sustain the verdict of the jury even under this erroneous instruction. The jury allowed the appellee the full amount claimed by him which probably exceeds the actual loss. His testimony is that the corn patch was one-half acre and even its total destruction that early in the season when there was still time for replanting it probably would be less than the sum awarded him by the jury. At any rate, the jury could only arrive at the loss by mere speculation or guess work. We think the proper measure of damages for loss of crops was correctly and clearly stated in the case of Commonwealth v. Masden, 295 Ky. 861, 175 S. W. 2d 1004, 1009, 169 A. L. R. 101, in which this court said: "The rule is established in this state that in the case of loss of grow-

ing crops by the wrong of another the measure of damages is the value of the crops at the time of the loss, which is estimated by determining the market value at the time of maturity and subtracting therefrom the cost of tilling, harvesting, and marketing.''

Instruction No. 2 properly covers the measure of damages for loss of the lumber, to-wit, its reasonable market value at the time and place it was destroyed. However, under the proof, the verdict is slightly excessive. Appellee's proof shows he lost 500 feet of lumber and gave its value at $45 per thousand feet. It is obvious that his loss on this item could not have exceeded $22.50 and the jury's allowance of $25 is to that extent excessive.

The testimony as to the negligence in leaving the logs and brush too near the high-water mark and the extent of the rainfall on the day in question is conflicting. These questions were submitted to the jury under proper instructions and we are not authorized to disturb its findings of fact under proper instructions.

For the reasons indicated herein, judgment in the lower court must be reversed and the case remanded for further proceedings consistent herewith.

Judgment reversed.