**COMMONWEALTH of Kentucky, Department of Highways, Appellant,**

**v.**

**Dorothy Lyon WILSON et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 31, 1958.

Jo M. Ferguson, Atty. Gen., Astor Hogg, Chief Asst. Atty. Gen., Dennie Gooch, Jr., Dept. of Highways, Frankfort, for appellant.

J. T. Hatcher, Elizabethtown, for appellees.

CLAY, Commissioner.

██ In this condemnation suit to acquire land for highway purposes, the jury awarded the landowners $39,000 for the

taking of approximately 7 acres of land. The principal objection raised on this appeal is that the amount is excessive.

Appellees owned a tract of about 37 acres at the junction of U. S. 62 and Kentucky Highway 86. This land had a substantial value for commercial purposes, particularly the corner at the junction of the two highways. This corner will be taken and the tract will be divided by the new highway. On the land taken was a modern residence, a machine shop, a pond, and other items of value.

The appraisers appointed by the court had fixed the damages at $38,550. At the trial eight witnesses (including the three appraisers) had fixed the damages for the taking at an average of $42,390.

The Commonwealth insists this award is excessive because it allows three times as much for the 7 acres taken (excluding the value of the buildings) as the total value of the remaining 30 acres. (The average valuation of the latter was fixed at about $6,000.) However, it is clear from the evidence that this condemnation results in the taking of land with a real commercial value, and what is left will have no commercial value. (The road to be constructed will be a non-access highway.) While the amount awarded seems quite substantial, there was abundant testimony to support it, there was practically none to contradict it, and the jury viewed the premises. The verdict is not indicative of gross error, or bias and prejudice. See Commonwealth v. Crutcher, Ky., 240 S.W. 2d 605.

The Commonwealth contends that the excessiveness may be attributed to the rulings of the court on two items of evidence. The court would not permit the Commonwealth to introduce the assessed value of the property shown by the records of the tax commissioner. Since the value was not fixed by the landowners, this evidence was not competent under our ruling

in Commonwealth v. Gilbert, Ky., 253 S.W. 2d 264. See also 39 A.L.R.2d 214.

The Commonwealth contends that one of the owners was permitted to testify concerning the replacement value of the house taken. We believe this testimony can be interpreted as fixing the fair market value of the house, but even if this bit of evidence was incompetent, it could not have been prejudicial in view of the other evidence on the question.

The judgment is affirmed.