**COMMONWEALTH of Kentucky, Department of Highways, Appellant,**

v.

**Proctor MORRIS et al., Appellee.**

Court of Appeals of Kentucky.

Jan. 23, 1959.

Jo M. Ferguson, Atty. Gen., Astor Hogg, Chief Asst. Atty. Gen., Dept. of Highways, J. Jerald Johnston, Dept. of Highways, Frankfort, for appellant.

Leonard S. Stephens, Whitley City, for appellee.

MOREMEN, Judge.

Appellee, Proctor Morris, owns a tract of land in Whitley City. Appellee's new home stands on a portion of the property and faces Williamsburg Street.

Appellant, Department of Highways of the Commonwealth of Kentucky, has planned a highway over a portion of the property. Condemnation proceedings were instituted in the McCreary Circuit Court and resulted in an award of $8,500 for the property proposed to be taken. Appellant was not satisfied with the judgment entered on the verdict and on this appeal gives the following reasons for reversal:

A. The trial court should have refused to permit the introduction of any evidence concerning damage to appellee's home, and the court should have instructed the jury not to consider any damage which may have resulted to appellee's residence.

B. The verdict was excessive and unsupported by the facts.

Appellee acquired the property in 1951. In the fall of that year, a surveying crew passed over its eastern corner and it was generally understood that preparations were being made for a new highway. Appellee put aside for three years any building plans he may have had. He then began planning to build a home on the property. He wrote to the Highway Department, received a sketch of the proposed highway and relocated his house from a position near to where the highway might be constructed to the extreme opposite and away from the proposed highway. After the foundation of the house was built, an engineer of the Highway Department came upon the premises, ran certain lines and told appellee that the location of his house was "all right." The house was completed.

Appellant argues that appellee was under duty to see that the proposed right of way did not harm the value of the house he intended to build and when he failed to take such action, he waived any claim for damages to his house which might have resulted from the condemnation of part of his property.

In Sandy Valley & E. R. Co. v. Bentley, 161 Ky. 555, 171 S.W. 178, this court pointed to the fact that a condemnation proceeding does not impose upon the party seeking to condemn the absolute obligation of taking the property and, because of that fact, concluded that so long as a person acts in good faith in an ordinarily prudent manner, he should not be deprived of the value of reasonable im-

provements made even after the action is instituted.

That attitude was again assumed in Kroger Co. v. Louisville & Jefferson County Air Board, Ky., 308 S.W.2d, 435, 438, where we quoted with approval this language from Nichols on "Eminent Domain":

"* * * The inception of condemnation proceedings does not impose any legal restrictions on the land; the owner can sell it, and he is entitled to compensation for buildings or crops started with knowledge of the situation. The uncertainty caused by the probability that the proceedings will be carried through and the proposed work constructed over his land differs in degree only from that shared by owners of all property, which may at any time be taken by eminent domain whenever it may chance to lie in the path of a public improvement * * *."

■ There was no intimation of bad faith and the trial court properly permitted introduction of such evidence and the submission of this question to the jury's consideration.

Under the second contention, appellant argues that witnesses introduced in appellee's behalf were permitted to give opinion evidence that was unsupported by sufficient facts or reasons and, in appraising the resulting damage, were permitted to give their estimate concerning the damage to the house. We are unable to agree with appellant's assay of the value of the testimony of these witnesses whose qualifications permitted them to give opinions within the field of their specialty.

■ This court has recognized that since the value of land always involves a matter of opinion, we should be cautious in substituting our personal opinion for those expressed by witnesses. Commonwealth v. Gilbert, Ky., 253 S.W.2d 264. Here, it seems to us, the witnesses for appellee gave more persuasive reasons and

facts for the opinions expressed by them than did those introduced by the Commonwealth.

It was stated in the Gilbert case that although the value of land and incidental damage to the remainder are required to be stated separately in condemnation proceedings, the court is not inclined to treat an award for any single item as excessive so long as the total amount awarded does not exceeed the difference in the reasonable market value of the property before and after taking.

Four witnesses gave estimates of the value of the property and the resulting damages, all of which were in amounts in excess of the award made by the jury. Two of the witnesses gave their opinion as to the value of the property, before and after taking. This difference was larger than the amount of the judgment. The award under the verdict was not excessive.

We have found no prejudicial error and the judgment is affirmed.