COMMONWEALTH of Kentucky, Department of Highways, Appellant,

v.

Ray CONATSER et al., Appellees.

Court of Appeals of Kentucky.

Nov. 6, 1959.

Jo M. Ferguson, Atty. Gen., Astor Hogg, Asst. Atty. Gen., J. Jerald Johnston, Frankfort, for appellant.

Leonard S. Stephens, Whitley City, for appellees.

EBLEN, Judge.

This is an appeal from a judgment of the McCreary Circuit Court awarding the appellees a total of twenty thousand dollars for property taken by condemnation. The appellant asserts that the damages are excessive and that prejudicial error was committed in admitting incompetent evidence and giving improper instructions.

The appellees own a parcel of land, in Whitley City, Ky., three hundred feet square, which had been divided into twenty-four lots, each twenty-five feet by one hundred and fifty feet. On one corner of this land there is a brick residence, and other structures thereon are an old frame house and an old shed. The strip condemned for highway purposes was one hundred feet wide and ran diagonally across this property from northwest to southeast. An additional strip, forty feet wide and about fifty feet long, adjacent to the highway right-of-way was also taken. The part condemned includes the frame house and

shed, all or substantially all of eleven lots, and parts of six other lots. It, also, includes a septic facility servicing the frame house and the kitchen and bathroom located in the basement of the brick home. Another septic tank on that part of the land not taken would not service drainage from the basement.

Of the witnesses for appellees, two fixed the value of the property taken and the damage to the remainder in excess of $20,000. The third gave a figure only $385 less than the jury award, in the event it took $5,000 to provide the proper septic facilities for the basement. The total loss, according to one appellee, was in excess of $28,000. Opposed to this, the three witnesses for the appellant arrived at a total damage for the taking of from $5,450 to $7,625. All of these witnesses stated that they were acquainted with the value of this type of property in this locality.

■■ It is apparent from the foregoing that there was evidence to support the award of the jury. Accordingly, in order to show excessiveness, the appellant must demonstrate that the evidence for the appellees is lacking in probative worth. This is attempted to be done by asserting that values assigned by them, directly or indirectly, to certain items that are integral parts of the land are "manifestly absurd." Land values in condemnation cases are established from estimates or opinions, Commonwealth v. Morris, Ky., 320 S.W.2d 309, and this, necessarily, permits a substantial variance. So long as those estimates are not unreasonable or fanciful, a court is not at liberty to substitute its opinion therefor. From a review of the evidence and a consideration of the property, and its parts, we cannot say that any witness, whether for appellant or appellees, exceeded reasonable bounds in expressing an opinion as to the value of any item. We are confident that the attorneys for appellant directed the attention of the jury to the testimony of any witness fixing values out of line with the other evidence and alerted the twelve to the

necessity of considering this in determining the weight of that witness' testimony. While the award in this case is substantial it is supported by the evidence and is not excessive. Commonwealth v. Wilson, Ky., 317 S.W.2d 490.

■ One of the witnesses for appellees was permitted to include in his testimony relating to the value of the land taken, the cost of relocating a septic line and tank to service the kitchen and bathroom in the basement of the brick house. This, it is asserted, is prejudicial error because it permitted the value of this item to be included twice, once in valuing the part taken and again in assessing incidental damages to the remainder. The Court admonished the jury that they should only consider this item as it related to the damage to the remaining property. Further, the witness made it plain that, in arriving at a total damage figure, he only included this item once. The alleged error is not present.

■■ Of a more serious nature is the claim that witnesses were permitted to ascribe a value to the septic line and tank in terms of replacement cost. It is argued that since it is not permissible to fix the value of a building by its replacement cost, Commonwealth, by State Highway Commission v. Begley, 261 Ky. 812, 88 S.W.2d 920, the same prohibition extends to such an improvement as a septic tank. To the extent that the appellees cannot use and enjoy their brick home, after the taking, as they had before, it is manifest that this is a proper item of damage. It would appear that an improvement of this kind is more nearly analogous to a well used to supply water for a residence. Its value is in its contribution to and connection with the residence. Even though located on the land taken, from this viewpoint, such an item should be treated in the damage to the remaining land. The damage to the remaining property, so far as the septic tank is concerned, is the amount its market value is decreased because of the reduction in use and enjoyment of the kitchen

and bathroom in the basement. We cannot conceive of any fairer and better means for determining that decline in market value than by estimating what it will cost to make those improvements. Septic tanks and lines do not have a market value that can be determined from separate sales of the same. Here we think it was proper to admit evidence as to replacement cost. See 18 Am.Jur., Eminent Domain, sec. 346; Commonwealth v. Means & Russell Iron Co., 299 Ky. 465, 185 S.W.2d 960.

■ The charged error in the instructions was not properly preserved for our consideration as required by CR 51, in that the appellant offered a general objection without specification. Tillman v. Heard, Ky., 302 S.W.2d 835.

The judgment is affirmed.