**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**CONGREGATION ANSHEI S'FARD et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 19, 1965.

Rehearing Denied June 11, 1965.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Marshall B. Woodson, Jr., C. Dant Kearns, Louisville, for appellant.

Irwin G. Waterman, Carl J. Bensinger, Louisville, Morris, Garlove, Waterman & Johnson, Louisville, of counsel, for appellees.

HILL, Judge.

This is a highway right-of-way condemnation action instituted by the Kentucky Department of Highways in Jefferson County Court, pursuant to KRS 177.081 et seq., to acquire right-of-way for the construction of a portion of the north-south expressway in Louisville, Kentucky. A Jewish Synagogue is situated and in use on the land being acquired. The entire property is needed.

The trial jury awarded appellees $97,250.-00. The Highway Department, only, appealed to this Court.

Appellant assigns two reasons for reversing the judgment appealed from. They are:

1. The evidence of the condemnees does not support or substantiate the verdict of the jury.

2. The trial court erred in permitting a witness to testify to the undepreciated cost of constructing a replica of the building taken.

Taking up these questions in the order listed, we turn first to the evidence of appellees on the question of value. The appellees' evidence tends to fix the value at $96,861.00 for the improvements and $45,000.00 for the lot, totaling $142,461.00, while the appellant's witnesses fixed the value at $44,760.00 for improvements and $30,500.00 for land, or a total of $75,260.00.

The real controversy does not so much concern the land value as it does the valuation of the improvements.

■ For the most part, appellant's witnesses used the sale of other church property as a criterion for arriving at the value, while the appellees' evidence used the system of "cost of replacement, less depreciation." Under Kentucky Constitution 13 and 242, the property owner is entitled to "just compensation." How shall we arrive at what is just compensation? This Court has generally followed the rule that the market value is the standard to determine just compensation. City of Newport, Mun. H. Com'n. v. Turner Advertising, Ky., 334 S. W.2d 767.

■ Appellant is fair to admit that under some circumstances it is proper to accept evidence of replacement value, but it contends evidence of replacement value must relate to the market value, to which we agree. In Commonwealth Dept. of Highways v. Stamper, Ky., 345 S.W.2d 640, this Court said:

"In attempting to arrive at a fair estimate of the market value of the land with the improvements upon it there may be circumstances in which evidence as to the cost (less depreciation) of improvements may be received. For example, if it is shown that a particular improvement is well adapted to the location and tends to adapt the property to the use to which it could most advantageously be put, and there is nothing to show that the cost of the improvement was not paid in good faith and under normal conditions, the cost

of the improvement, less depreciation, may be considered as proper evidence of the amount by which the improvement enhances the market value of the property. Nichols on Eminent Domain, Vol. IV, secs. 12.313, 13.11, pp. 87 to 89, 208 to 210. Thus in the case of a dwelling house which conforms to improvement standards of the particular locality evidence of cost (less depreciation) should be admissible."

See also Producers Wood Preserving Co. v. Commissioners of Sewerage of Louisville, 227 Ky. 159, 12 S.W.2d 292.

All expert witnesses who testified in this case agree there are three methods of determining "market value" of real estate. They are:

1. Market data, or comparable sales.

2. Income producing qualities.

3. Cost less depreciation, which means the value of the land plus cost of reproduction of improvements, less depreciation.

We conclude the evidence supports the verdict. Appellees should be sufficiently compensated to enable them to replace their facility.

Appellant next contends the trial court erred in permitting a witness to testify to the undepreciated cost of constructing a replica of the building taken, and cites Commonwealth by State Highway Commission v. Begley, 261 Ky. 812, 88 S.W.2d 920 (1935). The property sought in the Begley case was residential. We find no fault with the ruling in Begley. In view of our conclusions, hereinabove stated, the rules of evidence in the Begley case do not apply here. We think this evidence improper but not prejudicial, considered with the other evidence pertaining to depreciation.

The judgment is affirmed.